Matter of Adoption of JUSTINE R. METZGER, an Infant.

(Surrogate's Court, New York County, January, 1921.)

Adoption — when application by second husband of mother for adoption of her child will not be granted against the opposition of the father — divorce — husband and wife — Domestic Relations Law, § 111(3).

> The statute (Domestic Relations Law, § 111(3)) still provides that the consent of a parent who has been divorced because of his or her cruelty or adultery is unnecessary in adoption proceedings.
>
> But where in a wife's action for a divorce she was awarded the custody of her six-year-old daughter with provision that the defendant should be entitled to visit her once a week, an application by the husband of the mother for the adoption of the child will not be granted against the opposition of the father, as the effect of granting the adoption would be to terminate, without legal reason, the natural rights of the father.

APPLICATION for the adoption of an infant.

Ephraim Berliner, for petitioner.

Manfred Nathan, for objectant.

FOLEY, S.   This is an application for the adoption of an infant female of the age of six years. The petitioner is the husband of the child's mother. The mother secured a divorce from her first husband in this state. The decree of divorce awarded the custody of the child to the mother, but provided that the defendant be entitled to visit his daughter once a week. This application is opposed by the father. Previous to 1913 in adoption proceedings notice was not required to a parent who was divorced for his or her cruelty or adultery. Chapter 569, Laws of 1913,

amended section 111 of the Domestic Relations Law by providing for the giving of such notice and in such manner to the divorced parent as directed by a judge of a court of competent jurisdiction. The statute (Dom. Rel. Law, § 111, subd. 3) still provides that the consent of a parent who has been divorced because of his or her cruelty or adultery is unnecessary. Upon the return of notice given under the statute has the divorced parent the right to oppose the adoption, although his consent is unnecessary thereto? I think he has. Otherwise the amendment of 1913 to section 111 of the Domestic Relations Law would be without reason or force. Section 113 of the Domestic Relations Law provides that if the judge or surrogate be satisfied that the moral and temporal interests of the person to be adopted will be promoted thereby he must make an order allowing and confirming the adoption, reciting his reasons therefor. The giving of notice to the divorced parent at least enables him to acquaint the court with the absence of such benefits to the child, essential as they are, to enable the surrogate in his discretion to grant or deny the adoption. In this instance the opportunity given the divorced parent justifies the legislative provision for notice. As stated in *Matter of Livingston,* 151 App. Div. 1: "By our statute adoption cannot take place without the consent of the parents of the minor child, unless such parents have forfeited their natural rights to the custody of the child under circumstances clearly defined by the statute itself." The custody and right of visitation of the child were fixed by the decree of divorce. In effect the father's rights were curtailed, not abrogated. Under section 1771 of the Code of Civil Procedure these provisions of the decree of divorce may later be modified in that tribunal, and the father may ultimately be given custody of his daugh-

ter.   The natural rights of the parent to his child are sacred and are jealously guarded by the law.   The powers of the state over a child are not superior to the natural rights of the parent.   The effect of granting this adoption would be to terminate the natural rights of the father without adequate legal reason and to modify the decree of the Supreme Court.   The parties were examined before me at length, and I have carefully considered the different phases of this matter.   I am convinced that the interests of the infant will best be served by denying this application.   The application is denied.

Application denied.