### ROBERTS *v.* COCHRAN *et al.*

(Division B.   Dec. 7, 1936.)

[171 So. 6.   No. 32447.]

**E. W. Stennett,** of Jackson, for appellant.

548

**Williams & Hunt** and **Junior O'Mara,** all of McComb, for appellees.

550

Argued orally by **E. W. Stennett,** for appellant ,and by **Junior O'Mara,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant is the father of Mary Jane Roberts, a child seven years old. Appellees, John T. Cochran and his wife, Mrs. Maude D. Cochran, are the grandparents of the child, being the father and mother of the child's mother, Louise Cochran Roberts. Appellant and the latter were husband and wife when the child was born; they were separated some years ago and later were divorced.

The grandparents filed a petition in the chancery court of Pike county seeking to adopt the child and make it an heir as if it were their own child. The original petition was amended, attached to it as an exhibit is a separation agreement between the father and mother of the child entered into on the 21st day of September, 1931, before they were divorced. It provides, among other things, that the mother shall have sole and exclusive custody, control, and care of the child during her minority or until the agreement is terminated by the consent of both parties; that when the child shall be prepared to enter some university or college, the father shall bear the expenses of her education, the university or college to be selected by the mother. The mother joined in the petition with the grandparents. The petition does not allege that appellant gave his consent to the adoption. Appellant appeared and demurred to the petition, one ground thereof being that it failed to allege that he had given his consent to the adoption. The court overruled the demurrer and granted this appeal to settle the principles of the cause.

Section 358, Code 1930, confers upon the chancery courts jurisdiction to alter names, legitimate offspring, and decree adoption. With reference to adoption it provides, in substance, that the person seeking adoption shall file his petition in the chancery court of the county in which he resides, or the person sought to be adopted resides, in which shall be stated: (1) The name and age of the person sought to be adopted; (2) the names of the parents, or guardian in case of an infant, and their residence if they be living; (3) the name proposed to be given to the person sought to be adopted; (4) that the petitioner has obtained the consent of the parents, if living, or the guardian, if any, and of the person sought to be adopted if over fourteen years of age, to the adoption; and (5) what gifts, grants, bequests, or benefits are proposed.

The question here is whether an adoption is authorized without the consent of both parents. It is alleged in the petition that, since the separation and divorce of the father and mother, the father has contributed nothing to the support and maintenance of the child, and, on the contrary, has refused to do so. It is argued on behalf of the grandparents and the mother that that fact made it unnecessary to get the consent of the father to the adoption.

Our adoption statute had its origin in the civil law, not in the common law. There was no such proceeding known to the common law. Consent of the parents, if living, lies at the foundation of our adoption statute. Jurisdiction of the subject matter cannot be acquired without it. The first step is the filing of a petition in the proper court. The petition is jurisdictional in character and must state the facts required to give jurisdiction. 2 C. J. Secundum, Adoption of Children, pp. 417-419, sec. 37; Willis v. Bell, 86 Ark. 473, 111 S. W. 808; Furgeson v. Jones, 17 Or. 204, 20 P. 842, 3 L. R. A. 620, 11 Am. St. Rep. 808; In re Cozza, 163 Cal. 514, 126 P. 161,

Ann. Cas. 1914A, 214; In re Lease, 99 Wash. 413, 169 P. 816; Truelove v. Parker, 191 N. C. 430, 132 S. E. 295; Chance v. Pigneguy, 212 Ky. 430, 279 S. W. 640; Keal v. Rhydderck, 317 Ill. 231, 148 N. E. 53; Luppie v. Winans, 37 N. J. Eq. 245.

The decisions of our court with reference to the custody of children have no application in an adoption proceeding. Although the father or mother may be unfit to have the custody of their child under our statute it cannot be adopted by another without the consent of both of them.

Reversed and judgment here dismissing the petition.