87 So.2d 429

**William H. McGOWEN, Jr.**

v.

**Eddie Winfred SMITH.**

6 Div. 919.

Supreme Court of Alabama.

May 10, 1956.

Geo. I. Case, Jr., Birmingham, for appellant.

Fred Blanton, Birmingham, for appellee.

SIMPSON, Justice.

The appellant filed in the probate court a petition for the adoption and change of name of the infant daughter of his wife (appellee's former wife). Appellee, the natural father of the infant, although not named in the petition for adoption nor made a party thereto by the appellant, intervened and filed a motion to dismiss the petition. The probate court dismissed this petition for adoption and denied appellant's motion to set aside the decree of dismissal. This appeal followed.

Appellee and his former wife were married on October 18, 1947. From this union a daughter was born on February 28, 1951. Thereafter, on July 8, 1953, a decree of divorce was entered. By the terms of the decree, the mother (now wife of appellant) was granted the full and complete custody thereof. The right of visitation with the infant at all reasonable times and places, including the right to have the infant with him overnight at reasonable times was granted to the natural father (appellee). The duty of payment of $40 per month for the support and maintenance of the infant was placed upon the natural father. Appellant and the mother of the child, formerly appellee's wife, were married November 4, 1953.

Title 27, § 6, Code of Alabama, 1940, as amended, provides:

"Where a man marries the mother of a minor child or children, or a woman marries the father of a minor child or children, and they reside together in one domicile, he or she may petition the probate court of his or her county of residence for leave to adopt such minor child or children and if desired, for a change of the name or names of such minor child or children, *but no such adoption shall be permitted without the consent of the natural parent or parents having custody of said child or children.* The same procedure shall be followed as in adopting a child other than a stepchild, except that if the report of its findings by the state department of public welfare to the court reveals the fact that the said child or children has resided in the home of the stepparent for a period of one year or more, the court may, within its discretion, if it appears that the adoption is likely to be successful and is for the best interests of the child or children, immediately enter the final order of adoption, which decree of adoption shall not deprive the natural parent, who resides in the same domicile with the petitioner, of any of the legal rights and obligations due from them to the child or from the child to them." (Emphasis supplied.)

Section 3, Title 27 provides:

"No adoption of a minor child shall be permitted without the consent of his parents, but the consent of a parent who has abandoned the child, or who cannot be found, or who is insane or otherwise incapacitated from giving such consent, or who has lost guardianship of the child, through divorce proceedings, or by the order of a juvenile court or court of like jurisdiction, may be dispensed with, and consent may be given by the guardian, if there be one, or if there be no guardian by the state department of public welfare. In every such case the court shall cause such further notice to be given to the known kindred of the child as shall appear to be just and practicable. In case of illegitimacy the consent of the mother alone shall suffice except where paternity has been established. In all cases where the child is over fourteen years old his own consent must be had also."

Appellant's wife, the natural mother, consented to the adoption of the minor. Appellee, in the motion to dismiss the petition for adoption, averred that he did not consent to the adoption of his daughter; that he had never abandoned his daughter; that he is not insane or otherwise incapacitated from giving consent; and that the child had not been placed under the legal guardianship of

the State Department of Public Welfare nor an agent thereof. The appellee's petition showed that he had complied with the provisions of the divorce decree.

The question for our determination is whether under the statutory provision that no adoption shall be permitted without the consent of the natural parent or parents having custody of the child, the consent of the natural father is necessary where the mother has procured a divorce from such father and she has been awarded custody of such child with the father being granted the right of visitation at all reasonable times including the right to have said child with him overnight.

"The adoption of a child was a proceeding unknown to the common law. The transfer of the natural right of the parents to their children was against its policy and repugnant to its principles. It had its origin in the civil law and exists * * * only by virtue of the statute which * * * expressly prescribes the conditions under which adoption may be legally effected.

"Consent lies at the foundation of statutes of adoption, and under our law this consent is made absolutely essential to confer jurisdiction on the * * * court to make an order of adoption, unless the conditions * * * exist specially provided by the statute itself and which render such consent of the parents unnecessary. Unless such consent is given, or, for the exceptional causes expressly enumerated is dispensed with, the court has no jurisdiction in the matter. * * * The power of the court in adoption proceedings to deprive a parent of his child being in derogation of his natural right to it, and being a special power conferred by the statute, such statute must be strictly construed, and in order to warrant the exercise of the special power * * * in opposition to the wishes and against the consent of the natural parent, on

the ground that conditions prescribed by statute exist which make that consent unnecessary, the existence of such conditions must be clearly proven * * * if the statute is open to construction and interpretation, it should be construed in support of the right of the natural parent."—In re Cozza, 1912, 163 Cal. 514, 126 P. 161, 164, Ann.Cas. 1914A, 214.

See also In re Jackson, 1934, 55 Nev. 174, 28 P.2d 125, 91 A.L.R. 1381; In re Lease, 1918, 99 Wash. 413, 169 P. 816; Onsrud v. Lehman, 1952, 56 N.M. 289, 243 P.2d 600; Stone v. Dickerson, Tex.Civ.App., 1940, 138 S.W.2d 200; Smith v. Smith, 1947, 67 Idaho 349, 180 P.2d 853; In re Force, 1920, 113 Wash. 151, 193 P. 698; In re Adoption of Strauser, 1948, 65 Wyo. 98, 196 P.2d 862; Woodson v. Lee, 1953, 221 Ark. 517, 254 S.W.2d 326; 1 Am.Jur., Adoption of Children, Secs. 9, 36, 40, 43; 1 C.J., Adoption of Children, § 57; 2 C.J.S., Adoption of Children, §§ 18, 21.

Where the custody of the infant was granted to one parent with the right of visitation granted to the other, the consent of the latter was held to be necessary for adoption in In re Lease, supra. The Washington Court interpreting a statutory provision similar to the one at bar (consent of both is not required but may be given by the parent having the care, custody and control of such child) held that to enable one parent to effectually consent to its adoption by another, such custody and control must be of such an absolute and unconditional nature that the other parent's right in the child is extinguished. See also In re Force, supra.

A statement of the general rule is also found in 2 C.J.S., Adoption of Children, § 21(2), p. 390:

"Where * * * an adoption is attempted without the consent of a natural parent because of a divorce, there must be a final dissolution of the mar-

riage, with no rights reserved to the parent deprived of custody."

In Stone v. Dickerson, supra, the mother was, under the terms of the divorce decree, given custody of the child with the right of visitation in the natural father and the right to take the child to his mother's home two Sundays each month. Under a similar statute, the court held that the natural father's consent to an adoption was necessary in that the mother's custody of the child was not exclusive but was shared by the father.

Upon similar facts the New Mexico Court in Onsrud v. Lehman, supra, held that consent of the parent having the right of visitation is a necessary prerequisite to the entering of a decree of adoption.

That where the court in a divorce decree grants one parent the right of visitation, the other parent's custody of the child is not exclusive and absolute, hence consent of the former is necessary to adoption, was pointed out in In re Jackson, supra. See also In re Metzger, 1921, 114 Misc. 313, 186 N.Y.S. 269 (right of visitation in father, custody in mother. Held: "the father's rights are thereby curtailed not abrogated."); In re Adoption of Fischer, Sur., 1954, 127 N.Y.S.2d 423, 426, (1954). (Statute, Domestic Relations Law, McK.Consol. Laws, c. 14, § 111, provides that consent of a parent divorced for adultery is not required in an application for an adoption. Natural father divorced on ground of adultery but granted visitation privileges. Held: Petition for adoption dismissed upon natural father's protestation thereof.)

Justice Gardner, writing for this court in Allen v. Allen, 1940, 239 Ala. 116, 194 So. 153, 155, referred to certain periodic visits by the child with the father as "temporary care and custody." In that case, the "permanent custody" of the child was in the mother.

The effects of a decree of adoption are far reaching. The adoptive parent stands in the right of the natural parent, as evidenced by § 5, Tit. 27, Code of Alabama, 1940, as amended by Act. No. 115, appvd. April 14, 1956, Second Special Session, p. 443.

"* * * When the final decree of adoption shall have been entered, the natural parents of the child if living shall be divested of all legal rights and obligations due from them to the child or from the child to them; and the child shall be free from all legal obligations of obedience or otherwise to such parents. The adopting parent or parents of the child shall be invested with every legal right in respect to obedience and maintenance on the part of the child as if said child had been born to them in lawful wedlock, including the right to said adopting parent or parents of inheritance to real estate, and to the distribution of personal estate on the death of such adopted child as if said child had been born to them in lawful wedlock, and the child shall be invested with every legal right, privilege, obligation, and relation in respect to education, maintenance * * * as if born to them in lawful wedlock. * * *"

See also Praytor v. Cole, 1945, 247 Ala. 259, 23 So.2d 713.

The fact that the adoption of a minor by decree of the probate court does not affect the power of a court of equity to make provisions for the custody of the child to be awarded to another than the adoptive parent, Praytor v. Cole, supra, does not diminish the aforesaid far-reaching effects of an adoption decree.

Appellant cites the case of Wright v. Price, 1933, 226 Ala. 468, 147 So. 675, in support of his contention that the probate court erred in dismissing the petition. This case holds that while a probate court cannot make a final order of adoption so long as an equitable decree placing the custody of the child in another remains in effect, said equitable decree does not prevent the entering of an interlocutory order for the adop-

tion, to be made final when it can be done comformably to the equitable decree. It is clear, however, that if appellee's consent is necessary, the probate court could make no order respecting the adoption without such consent. § 6, Tit. 27, Code of Alabama, 1940, as amended ("No such adoption shall be permitted"). See also 1 C.J., Adoption of Children, § 57, p. 1384. "Consent of the parties to an adoption, where required by statute, is a jurisdictional fact and without it a valid order of adoption cannot be made * * *." 2 C.J.S., Adoption of Children, § 18, p. 382; Roberts v. Cochran, 1936, 177 Miss. 546, 171 So. 6; In re Adoption of Strauser, 1948, 65 Wyo. 98, 196 P.2d 862, 867; 1 Am.Jur. § 36 (Consent, where required, is ordinarily held an essential requisite to jurisdiction).

Consent of the natural father not appearing from the petition for adoption (indeed, it affirmatively appears that the father does not consent) reversible error does not appear in the dismissal of the petition of adoption without hearing the testimony on behalf of the petitioners. See Town of Sanford v. Hartley, 1952, 258 Ala. 576, 63 So.2d 705; Carter v. Carter, 1948, 251 Ala. 598, 38 So.2d 557.

Upon like reasoning, error, if any, of the probate court in refusing to allow the appellant-petitioner to amend the original petition such as to show the name and address of the father, the circumstances of the decree of divorce, etc., was harmless. The amendment does not allege any facts which would obviate the necessity of consent of the natural father to the adoption. See Punch & Duggan v. Walke, 1859, 34 Ala. 494. Indeed the motion to dismiss filed by the natural father showed the material allegations contained in the amendment.

It results, therefore, that the decree of the probate court is due to be and is hereby affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and SPANN, JJ., concur.