203 So.2d 114

John Bernard SCHWAIGER

v.

Virginia Ann HEADRICK et al.

6 Div. 372.

Supreme Court of Alabama.

Oct. 5, 1967.

Jas. F. Berry, Cullman, for appellant.

Knight & Knight, Cullman, for appellees.

## PER CURIAM.

The question for decision is whether a final decree of the probate court of Cullman County, granting the petition of James L. Headrick for adoption of a minor child, whose father is appellant, is valid.

On February 19, 1966, appellee, James L. Headrick, filed in the probate court of Cullman County his petition in writing to adopt a minor child, Janet Lynne Schwaiger. This minor was born on May 28, 1962, to the union of appellant and his wife, Virginia Ann Schwaiger. The latter was divorced from appellant on September 14, 1963, for and on account of cruelty. She subsequently married appellee, James L. Headrick. The natural mother consented for her husband, appellee, to adopt the child and joined in his petition.

The decree of divorce approved, and made a part of the decree, an agreement

of Mr. and Mrs. Schwaiger whereby the father agreed to pay the mother $35.00 per month for support of the minor child. The mother was given custody and control of the minor, but reserved to the father custody and control on each Saturday and Sunday during specified hours.

The father, after notice of the petition, appeared on May 24, 1966, and moved the court to set aside the adoption proceedings that were filed by appellees.

The natural father contends, in his motion to vacate the proceedings for adoption, that he did not consent to the adoption of his daughter, and, also, that he had not abandoned her as alleged in the petition.

There is no contention by appellees that appellant gave his consent for the adoption of the child as required in Title 27, § 6, as amended. For amendments see: Act No. 242, Gen.Acts 1943, p. 197, appvd. June 22, 1943; Act No. 540, Acts 1949, p. 850, appvd. Sept. 7, 1949; Title 27, § 6, Cum. Supp., Recompiled Code of Alabama. The pivotal question is whether appellant had abandoned his child as that term is used in Section 3, Title 27, Code 1940, thus dispensing with his consent.

There was oral evidence submitted in the probate court touching the question of abandonment. The probate judge, sitting in judgment on the proceeding, made no finding of fact as to such issue, but did recite in his decree that "no valid cause is shown why said child should not be legally adopted." The court then proceeded to decree the adoption.

In order to sustain the petition for adoption, it was incumbent on petitioner, James L. Headrick, to show that appellant had consented to the adoption or had abandoned his child.

It does not appear from the record before us that the evidence taken before the court orally (as we stated above) was reported by a court reporter. It was established without objection and appears in the record

succinctly what each witness testified. There is no objection in the record to such procedure.

We have reviewed this evidence and conclude that the allegation in the petition for adoption that appellant abandoned his daughter was not established.

The most that can be said is that the natural father quit trying to visit the child; and, also, that after making two monthly payments for the support of the child, as was his obligation by agreement and under the decree, he quit paying. Appellant claims that he sent a payment to his parents, who advised the natural mother that she had the money. The mother declined to come after the money and the grandmother refused to take it to her. Friction and a misunderstanding arose between the child's parents and their parents. Further delineation of this friction would serve no useful purpose. Suffice it to say, jurisdiction of the equity court which awarded custody of the child and decreed the alimony could have been invoked to settle the disputed claims or contentions.

We do not construe the conduct of the father to evince a settled purpose to forego all parental duties and relinquish all parental claims to the child. Vol. 1, Am. Jur., Adoption of Children, § 42. The father's failure to comply with the order for support of the child, under the circumstances here presented, and his failure to visit the child under existing misunderstandings in the family, does not, in our judgment, constitute abandonment within the purview of Section 3, Title 27, Code of 1940.

In the absence of the natural father's consent as mandated by Section 6, Title 27, Code of 1940, as amended, or the obviation thereof by his abandonment of the child, the trial court was without authority to grant the adoption. McGowen v. Smith, 264 Ala. 303, 87 So.2d 429. Abandonment not having been shown, the trial court's decree granting the adoption

was without legal efficacy. The decree is reversed and the cause remanded.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.