258 So.2d 739

**Larry BUTLER**

v.

**Tommy Ural GILES.**

**5 Div. 19.**

Court of Civil Appeals of Alabama.

Jan. 12, 1972.

Rehearing Denied Feb. 9, 1972.

Ruth S. Sullivan, Dadeville, for appellee.

Russell, Raymon & Russell, Tuskegee, John W. Pemberton, Montgomery, for appellant.

THAGARD, Presiding Judge.

This is an appeal by the stepfather of Keith Lane Giles, a boy child, from a judgment of the Circuit Court of Macon County reversing and remanding to the Probate Court of Macon County the judg-

ment of that court granting appellant's petition to adopt said child.

Appellee, who was formerly the husband of the child's mother, is the natural father of the child. His marriage to the child's mother was terminated by a divorce granted to her on May 14, 1967, by the Circuit Court of Tallapoosa County. The divorce decree ratified and adopted the terms of a written separation agreement entered into by the husband and wife on March 17, 1967, under the terms of which the custody and control of the minor child was given to the mother. The father (appellee here) was given the right to have the child spend with him at the home of his parents every alternate weekend. The father agreed to pay to the mother $30.00 per week for the support of the child.

Shortly after the divorce was granted appellee went to Oklahoma where he found a job and where he remained for a year or more except for an occasional visit to his parents in Tallapoosa County.

Appellant alleged in his adoption petition that the child's father had abandoned the child, that he could not be found, and that he had lost the custody of said child by virtue of said divorce decree. Service of notice was had on appellee's father, the child's paternal grandfather, on May 23, 1970. On May 26, 1970, appellee filed his denial of consent to the adoption and on May 30, 1970, filed a motion to dismiss the adoption petition. On final hearing on May 30, 1970, the Probate Judge denied the motion to dismiss, found from the evidence that appellee had abandoned the child, and decreed adoption in favor of petitioner. From the decree of adoption the natural father appealed to the Circuit Court of Macon County. As said at the outset, the Circuit Court of Macon County reversed and remanded the judgment of the Probate Court, whereupon the petitioner for adoption brought this appeal. The evidence in the Circuit Court was by an agreed concise statement of the testimony

taken in the Probate Court, and that is what is before us on this appeal.

Between the granting of the divorce decree to the mother and the filing of the adoption petition there was the usual bickering and unpleasantness between the mother and the natural father about support payments and about the exercise of visitation rights, and the testimony was conflicting on these issues. The natural father denied that he had abandoned the child. Petitioner and the mother claimed that he had. The natural father claimed that the mother and stepfather had thwarted him in his efforts to visit the child. The mother and stepfather claimed that he had not tried.

It is significant on the question of the natural father's alleged abandonment that almost exactly two years after the granting of the divorce and one year before the filing of the adoption petition the natural father filed in the Circuit Court of Tallapoosa County a petition alleging that he had not been able to exercise rights of visitation with the child and that he had been threatened with arrest by the mother, and praying the court to enforce his visitation rights. He admitted in his petition that he was in arrears in his support payments in the sum of about $1300.00. The mother filed an answer and cross-bill denying that she had denied him visitation rights and charging him with having violated several of the terms of the divorce decree, including that of paying for child support, and praying that he be found in contempt and jailed until he had purged himself of such contempt, and that he be deprived of further visitation rights. Before the hearing on this litigation the parties again entered into a written agreement to the effect that appellee was in arrears in child support payments in the amount of $1050.00, which appellee would pay at the rate of $20.00 per week, and that he continue to pay $30.00 per week for support, and that the visitation rights continue, with a slight modification as to time. The trial court

entered a decree confirming the agreement on June 18, 1969.

We calculate that the total support payments due from the date of the divorce to the date of the last agreement was approximately $3210.00, and that, since the parties agreed that the arrearage was $1050.00, appellee had paid $2160.00 in child support in about 25 months.

Appellant's Propositions of Law I and II say:

"I.

"Title 27, Section 3, 1940 Code of Alabama as Amended. No adoption of a minor child shall be permitted without the consent of his parents, but the consent of a parent who has abandoned the child, . . ., may be dispensed with,

• • •

"II.

"The Probate Court has jurisdiction to hear and dispose of an adoption petition by a stepfather, even though the natural father has not consented to the adoption, if the Court finds that the natural father has abandoned the child.

"Lankford [sic] v. Hollingsworth, 283 Ala. 559, 219 So.2d 387.

"Schwaiger v. Headrick, 281 Ala. 392, 203 So.2d 114."

The sole issue before us—although the same is stated in four assignments of error —is whether or not the Circuit Court erred in holding that the finding of fact of the Probate Court that appellee had abandoned his child was plainly and palpably wrong. Circuit Judge Hines rendered a judgment in which he held, inter alia, as follows:

"3. This Court does not construe the conduct of the natural father to evince a settled purpose to forego all parental duties and relinquish all parental claim to the child. The father's failure to comply with support order and his failure to visit does not, in my judgment, constitute

abandonment within the purview of the adoption statute which is Section 3 Title 27 Code of 1940.

"The trial court was without authority to grant the adoption of Keith Lane Giles and to change the child's name and the decree is without legal efficacy. The decree is reversed and the cause remanded."

In McGowen v. Smith, 264 Ala. 303, 305, 87 So.2d 429, 431, cited in Judge Hines' judgment, it was held that, "Where the custody of the infant was granted to one parent with the right of visitation granted to the other, the consent of the latter was held to be necessary for adoption in In re Lease, [99 Wash. 413, 169 P. 816], supra." In the *McGowen* case, supra, the Probate Court had entered a decree granting the motion of the natural father to dismiss the petition of the stepfather to adopt. Whether there was testimony on the merits does not appear from the opinion of the Supreme Court, but the court made it clear that so long as the natural father has visitation rights under the divorce decree, and the natural father does not consent, the court is without authority to entertain the petition. We assume, however, from holdings of the Supreme Court in other cases that there is an exception when the evidence is clear that the natural father has evinced a settled purpose to forego all parental duties and relinquish all parental claims to the child. See Schwaiger v. Headrick, 281 Ala. 392, 203 So.2d 114.

Appellant cites Lankford v. Hollingsworth, 283 Ala. 559, 219 So.2d 387, as authority for his proposition that the findings of fact of the Probate Judge must be accorded all presumptions in favor of the verdict of a jury, when testimony is taken orally without a jury. However, we note that in Schwaiger v. Headrick, supra, cited by both parties in their briefs, the court did not hesitate to reverse the decree of the trial court in an adoption proceeding in which the facts were practically on all fours with the facts in our case. In the

*Schwaiger* case, supra, Judge Simmons, Supernumerary Circuit Judge, speaking for the court, said:

"There is no contention by appellees that appellant gave his consent for the adoption of the child as required in Title 27, § 6, as amended. . . . The pivotal question is whether appellant had abandoned his child as that term is used in Section 3, Title 27, Code 1940, thus dispensing with his consent.

"There was oral evidence submitted in the probate court touching the question of abandonment. The probate judge, sitting in judgment on the proceeding, made no finding of fact as to such issue, but did recite in his decree that 'no valid cause is shown why said child should not be legally adopted.' The court then proceeded to decree the adoption.

"In order to sustain the petition for adoption, it was incumbent on petitioner, James L. Headrick, to show that appellant had consented to the adoption or had abandoned his child.

"It does not appear from the record before us that the evidence taken before the court orally (as we stated above) was reported by a court reporter. It was established without objection and appears in the record succinctly what each witness testified. There is no objection in the record to such procedure.

"We have reviewed this evidence and conclude that the allegation in the petition for adoption that appellant abandoned his daughter was not established.

"The most that can be said is that the natural father quit trying to visit the child; and, also, that after making two monthly payments for the support of the child, as was his obligation by agreement and under the decree, he quit paying.

Appellant claims that he sent a payment to his parents, who advised the natural mother that she had the money. The mother declined to come after the money and the grandmother refused to take it to her. Friction and a misunderstanding arose between the child's parents and their parents. Further delineation of this friction would serve no useful purpose. Suffice it to say, jurisdiction of the equity court which awarded custody of the child and decreed the alimony could have been invoked to settle the disputed claims or contentions.

"We do not construe the conduct of the father to evince a settled purpose to forego all parental duties and relinquish all parental claims to the child. Vol. 1, Am.Jur., Adoption of Children, § 42. The father's failure to comply with the order for support of the child, under the circumstances here presented, and his failure to visit the child under existing misunderstandings in the family, does not, in our judgment, constitute abandonment within the purview of Section 3, Title 27, Code of 1940." (281 Ala. at page 394, 203 So.2d at page 115.)

The facts in the *Schwaiger* case, supra, are so nearly identical to the facts in the case before us that we feel bound to follow it. The appeal bypassed the Circuit Court and went directly to the Supreme Court. In that case, even though the Supreme Court did not provide guidelines as to what constitutes abandonment as the word is used in the adoption statute, it did provide rather clear guidelines as to what does not constitute such abandonment. When such guidelines are applied to the facts in this case we feel impelled to hold that the Probate Court was plainly and palpably wrong in finding that appellee had abandoned his child, and that the judgment of the Circuit Court reversing and remanding the cause to the Probate Court should be affirmed.

Affirmed.