The mother of a minor child filed in the Circuit Court of Sumter County a petition alleging that the natural father of the minor child and former husband of the mother had abandoned the child within the meaning of Tit. 27, § 3, Code of Alabama 1940.
The mother further alleged that her present husband was desirous of adopting the child. She specifically asked the circuit court to find that the natural father had abandoned the child and that the circuit court authorize the Probate Court of Sumter County to allow the present husband to adopt the child without the consent of the natural father.
An ore tenus hearing was held by the circuit court and the learned trial judge found that the natural father had abandoned the child and that the adoption proceedings should proceed in the probate *Page 1323 
court. The natural father appeals to this court. The sole issue before us is whether the natural father abandoned the child within the meaning of the adoption statutes.
It is the policy of this court that appeals to this court be decided on their merits and on the issues as presented to the court by the parties. Unfortunately, we are unable to do that in this instance.
Adoption is purely a statutory right and the adoption statutes must in most instances be strictly construed. Franklinv. White, 263 Ala. 223, 82 So.2d 247 (1955); Abney v. De Loach,84 Ala. 393, 4 So. 757 (1887). A reading of the adoption statutes reveals that the probate court had jurisdiction in adoption proceedings. Tit. 27, §§ 1-11, Code of Alabama 1940. The cases support this statutory mandate. Henderson v. Feary, Ala.Civ.App., 340 So.2d 808 (1976), cert. denied, Ala.,340 So.2d 811 (1976); Butler v. Giles, 47 Ala. App. 543,258 So.2d 739 (1972); Lankford v. Hollingsworth, 283 Ala. 559,219 So.2d 387 (1969); Schwaiger v. Headrick, 281 Ala. 392, 203 So.2d 114
(1967).
This court has diligently searched for some legal authority which would permit the circuit court to make the determination of abandonment within the meaning of Tit. 27, § 3, Code of Alabama. We find no such authority.
In view of the above, it becomes our duty to find that the circuit court had no subject matter jurisdiction to render the decree here appealed from; the decree is void; a void decree will not support an appeal. This court can acquire no jurisdiction on such an appeal even by consent of the parties, which is the case in this instance, and we must take notice of our own want of jurisdiction apparent on the record. The appeal in this case must therefore be dismissed. Craig v. Root,247 Ala. 479, 25 So.2d 147 (1946); Boozer v. Boozer, 245 Ala. 264,16 So.2d 863 (1944); Bell v. King, 210 Ala. 557, 98 So. 796
(1924); 2 Ala.Dig. Appeal and Error 21, 23, 112.
This court would be remiss if it did not make the following observations. Both parties to this appeal were more than ably represented by their respective counsel in the trial below. The forum in which the matter was tried was a conscious selection by both parties. The reason for the selection was candidly explained to this court during oral argument. This court understands and appreciates the reason therefor. However, we must follow the law. We would call to the attention of those concerned Tit. 13A, § 4-105, Code of Alabama (1975 Int.Supp.), which provides as follows:
 "Adoption transfer jurisdiction; record of proceedings. — Adoption proceedings, primarily cognizable before the probate courts may be transferred to district court on motion of a party to the proceeding in probate court. Probate court offices shall maintain records of all adoption proceedings."
Additionally, we note that counsel for both parties have favored this court with excellent briefs in support of their respective positions, for which we are grateful.
With respect to further proceedings in this matter, if they be had, it might be well for all parties concerned to consider not only the legal principles involved, but also what is in the best interest of this minor child.
APPEAL DISMISSED.
WRIGHT, P.J., and BRADLEY, J., concur.