441 So.2d 942 (1983)
Deborah Kay May VICE
v.
Raymond B. MAY, Sr., and Mary Ruth May.
Civ. 3696.
Court of Civil Appeals of Alabama.
November 2, 1983.
*943 James Marks of Hewlett & Black, Muscle Shoals, for appellant.
Donald E. Holt and Joe M. Patterson, Jr. of Holt, McKenzie, Holt & Patterson, Florence, for appellees.
WRIGHT, Presiding Judge.
This is a child adoption case.
On September 9, 1976, Raymond B. May, Sr., and Mary Ruth May, the father and mother of Deborah Kay May Vice and grandparents of her minor daughter, Kristie Aileen May, petitioned for adoption of their granddaughter. Since April 1976 the child, who was born on January 28, 1975, had lived with the Mays while Deborah traveled with a carnival except for brief intervals.
The Mays' petition alleged that the whereabouts of Deborah were, at that time, unknown and that she had, since the child's birth, failed to contribute anything to her support and maintenance. The father was stated to be unknown.
A final decree of adoption was entered on October 6, 1976. On May 12, 1980, Deborah petitioned to have the adoption nullified. After a hearing her petition was denied.
She appeals here asserting that the trial court lacked jurisdiction to issue the decree of adoption and that neither her consent to the adoption nor her abandonment of the child was proved at trial. We agree.
The applicable adoption statute, § 26-10-3, Code of Alabama 1975, provides, as pertinent:
"No adoption of a minor child shall be permitted without the consent of his parents, but the consent of a parent who has abandoned the child, or who cannot be found, who is insane or otherwise incapacitated from giving such consent, or who has lost guardianship of the child, through divorce proceedings, or by the order of a juvenile court or court of like jurisdiction, may be dispensed with, and consent may be given by the guardian if there is one, or if there is no guardian, by the state department of pensions and security."
Because adoption is strictly statutory and involves the curtailment of the fundamental rights of the natural parents, the adoption statute must be closely adhered to. Davis v. Turner, 55 Ala.App. 366, 337 So.2d 355, cert. denied, 337 So.2d 362 (Ala.1976). The consent of the parent or, in circumstances falling under § 26-10-3, the consent of the guardian or Department of Pensions and Security is jurisdictional. Where a required consent is never given the trial court never obtains jurisdiction to proceed to the paramount question of the child's welfare. Davis, supra at 361.
We find insufficient evidence of abandonment to dispense with the mother's consent to the adoption. For a parent to be deemed to have abandoned her child, within *944 the purview of the adoption statute, it must appear that the parent has undertaken a course of conduct toward the child which implies a conscious disregard or indifference to parental obligations owed the child. Gillespie v. Bailey, 397 So.2d 130 (Ala.Civ.App. 1980), cert. denied, 397 So.2d 133 (Ala.1981).
The evidence shows that Deborah supplied food and clothing for the child for the first year of its life and that, even after returning to her employment with the carnival, she sent money and toys to the Mays for the child's use. Evidence is undisputed that she wrote and telephoned the Mays frequently, most often collect, and talked with her child. She visited with her parents and the child from time to time. She left with her parents the schedule and itinerary of the carnival with which she was employed. When presented with the proposal for adoption she pleaded that it not be done, that she needed time to straighten out her life. It is clear that Deborah expressed her intent to return to live with the Mays after the carnival season ended in November 1976, that she visited them in September 1976, and that she indeed returned to live with them in November. She had no knowledge of the adoption until she returned to her parents' home in November, while notice of the petition was about to be first published. When informed by her father of the petition, she again responded with, "please don't do this to me." She was not personally served then with a copy of the petition. This evidence is contrary to the showing of a settled purpose by Deborah to forego all parental claims to the child. Schwaiger v. Headrick, 281 Ala. 392, 203 So.2d 114 (1967). There is a legal insufficiency of evidence to establish abandonment and thus to give jurisdiction to the court to proceed with the adoption in the absence of parental consent. Further we iterate that there was absent consent to the adoption by the Department of Pensions and Security, which is a requirement of the statute, even when abandonment is established. § 26-10-3, Code of Alabama 1975.
As the adoption decree was entered contrary to statute and without jurisdiction, the decree is void and subject to attack at any time. Ex parte Wilson Lumber Co., 410 So.2d 407 (Ala.1982). It is remarkable that even after the adoption, Deborah continued to visit in the home of her parents and with her daughter. On at least one occasion she carried her child away and kept her for several months until she notified her parents where she was and they took her back. It should be noted that Deborah has apparently rehabilitiated her lifeis married and has another child. We observe that there is every reason for daughter, grandparents and granddaughter to maintain cordial relations and share custody. The grandparents are to be highly commended for their loving care of Kristie. However, adoption is the permanent termination of all legal parental rights and may not be accomplished without strict compliance with the statute.
For the reasons set out, the judgment of the probate court is reversed and set aside. That court is directed to enter its judgment setting aside its judgment of adoption in the matter of Kristie Aileen May, entered on October 6, 1976, as void.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur specially.
HOLMES, Judge (concurring specially).
I concur in the result reached by the majority. However, I reach the result by a somewhat different analysis.
The pertinent part of the applicable statute, section 26-10-3, Alabama Code (1975), is as follows:
"No adoption of a minor child shall be permitted without the consent of his parents, but the consent of a parent who has abandoned the child [or] who cannot be found ... may be dispensed with, and consent may be given by the guardian, if there be one, or if there is no guardian, by the state department of pensions and security."
In the instant case it is clear that the mother did not give her consent, and that there *945 was no guardian. It is also clear that the Department of Pensions and Security (DPS) did not give its consent. In other words, no consent to the adoption was obtained from any party named in the statute as eligible to give its consent.
Assuming without the need of so deciding that the adopting parents proved the abandonment of the child by the mother, then in that event the consent of DPS was necessary under the statute.
The Supreme Court of Alabama in Lankford v. Hollingsworth, 283 Ala. 559, 219 So.2d 387 (1969), discussed the above statute, stating as follows:
"We construe this statute to mean that the consent of the Department of Pensions and Security (formerly Public Welfare) is required only when the custody of the child has been awarded to that agency, or where there is no parent whose consent is required and the child has no guardian."
Id. at 561, 219 So.2d at 388. Accord In re Roberts, 349 So.2d 1170 (Ala.Civ.App.1977).
In the instant case if abandonment was established, then "there is no parent whose consent is required" within the meaning of the above cases, and the consent of DPS was made jurisdictional. Since it is clear that DPS did not consent, then the trial court was without power to issue the adoption order. In re Roberts, 349 So.2d 1170, 1172 (Ala.Civ.App.1977). Following this line of reasoning, I find it unnecessary to decide the abandonment issue decided by the majority opinion.
Turning to another matter, I would be remiss if I did not point out the following statement in the majority opinion which concerns me: "As the adoption decree was entered contrary to statute and without jurisdiction, the decree is void and subject to attack at any time." (Emphasis added.) This statement fails to take into account the possible effect of section 26-10-5(c), Alabama Code (1975).
A different result might have been reached in the instant case if five years had passed from the date of entry of the order here at issue. While I do not specifically decide the applicability or import of the statute, it occurs to me that section 26-10-5(c) might be construed to put a five-year limit on actions such as the instant one to set aside adoption decrees.