WRIGHT, Presiding Judge.
This is a termination of parental rights case. The father appeals from an order of the Family Court of Jefferson County, which terminated his parental rights after finding that his minor child was “dependent.”
The parties were divorced in April 1977. Their union had produced one minor child. Under the terms of the divorce decree, *714 custody was awarded to the mother, and the father was required to pay the sum of $25 per week as child support. The father’s visitation rights were conditioned upon payment. The father was also required to pay some other outstanding debts.
In August 1977 the mother filed a petition for a rule nisi and modification of the decree, alleging that the father had failed to pay child support or to make required payments on the other outstanding debts. The mother asked the court to terminate the father’s visitation rights because of the above.
In October 1977 the court entered a final decree which stated that the mother was not required to permit visitation by the father, unless the father was current on support payments and payments on the other debts for which he was responsible.
In June 1978 the mother submitted another petition for modification, again alleging delinquency in support payments and payment of the other obligations. She also alleged that the father was making harassing phone calls. The mother again requested that the father’s visitation rights be terminated and also requested that the father be prohibited from phoning her or the child. That petition was dismissed in January 1979, for lack of prosecution.
In August 1983, after her remarriage, the mother filed a petition with the Juvenile Court of Jefferson County, seeking to have the child declared “dependent” and to therefore terminate the parental rights of the father. The petition stated that the above action would be in the child’s best interest, claiming that the father had not provided support for the child or contacted the child since 1977. The petition also stated that termination of the father’s parental rights would allow the child’s stepfather to proceed with legally adopting the child.
The father filed a motion to dismiss, which contended that the father’s visitation rights had already been terminated, and that the other matters alleged in the petition had already been litigated.
The trial court, after an ore tenus hearing, entered an order terminating the father’s parental rights in January 1984. It is from that order that the father appeals.
Where the trial court hears testimony ore tenus and has an opportunity to observe the parties on the stand and in the courtroom, the judgment of the trial court will not be disturbed on appeal, unless found to be so unsupported by the evidence and contrary to law as to be plainly and palpably wrong and unjust. In re Palmer, 387 So.2d 215 (Ala.Civ.App.1980).
Cases that involve termination of parental rights arise out of the juvenile court’s jurisdiction over children. Wright v. Montgomery County Department of Pensions and Security, 423 So.2d 256 (Ala.Civ.App.1982); § 12-15-30, Code of Alabama 1975. Sections 12-15-50 to -76 of the Code set out the procedure to follow in order to have a child declared “dependent” and to terminate parental rights. The proceedings are in the nature of an action by the state.
Although any interested party may sign a petition calling for the proceedings, the typical design of the proceedings is to seek removal of the affected child from the custody of its parents, or parent, and to place the child under the custody of the state, or in the custody of a relative or persons other than the parents. The proceedings are not designed to allow one parent who already has legal custody of a child, following a divorce, to terminate the parental rights of the other parent. Indeed, at this point a motion to dismiss for failure to state a claim upon which relief can be granted would have been proper. Rule 12(b)(6), A.R.Civ.P. Here, however, the mother succeeded in convincing the trial court to terminate the parental rights of the father, in addition to the previously terminated visitation rights.
We can sympathize with the mother’s plight in attempting to collect long-overdue support payments from the child’s father, who has been essentially unemployed since their divorce. We can also sympathize *715 with her frustration over her former husband’s apparent drinking problem, and her desire to have her new husband legally adopt his stepchild.
Regardless of our sympathy, however, the procedure followed here is not the correct one to achieve her desired result; and, in addition, the termination of the father’s parental rights for failure to contact the child and for failure to provide support is plainly and palpably wrong and unjust where the mother has repeatedly sought to prevent the father from seeing the child, and eventually succeeded in terminating the father’s visitation rights.
If, as the wife alleges in her petition, the stepfather wishes to legally adopt the child, the proper procedure to follow is to file a petition for adoption under §§ 26-10-1 to -10, Code of Alabama 1975. Then the stepfather may adopt the child with the father’s consent, or he may seek to prove abandonment by the father, thereby eliminating the requirement of consent. § 26-10-3, Code of Alabama 1975.
Even then, however, in order for a parent to be deemed to have abandoned his child within the purview of the adoption section, it must be apparent that the parent has intentionally abandoned the child. Gillespie v. Bailey, 397 So.2d 130 (Ala.Civ.App.1980). The failure of a father to comply with a support order or to visit the child where there are existing misunderstandings or hostility and friction does not in itself constitute abandonment. Schwaiger v. Headrick, 281 Ala. 392, 203 So.2d 114 (1967); Henderson v. Feary, 340 So.2d 808 (Ala.Civ.App.1976).
In view of the improper procedures followed, the improper application of the law, and the unjust result achieved, we reverse the order of the trial court terminating the parental rights of the appellant. The case is remanded to the trial court with direction to set aside its judgment and to grant appellant’s motion to dismiss.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.