INGRAM, Judge.
On July 15, 1987, George Carlton Grund and Sandra Fay Sharp Grund, the father and mother of Sheila Kaye Grund and grandparents of her minor daughter, Anna Lamoyne Denney, petitioned for the adoption of their granddaughter.
The record reveals that the parents of the child were divorced on April 16, 1985. On July 23, 1985, the custody of the child was awarded to the grandparents. In September 1987, a hearing was held in the probate court of Cullman County. At that time, Sheila Kaye Grund, the mother of the child, gave her consent in writing to the adoption. After a hearing, the court found the father of the child to have abandoned the child. The court entered an order finding that the father had abandoned the child and granted the adoption of the child.
The applicable adoption statute, § 26-10-3, Ala. Code 1975, provides:
“No adoption of a minor child shall be permitted without the consent of parents, but the consent of a parent who has abandoned the child, who cannot be found, who is insane or otherwise incapacitated from giving such consent or who has lost guardianship of the child through divorce proceedings or by the order of a court having jurisdiction may be dispensed with, and consent may be given by the guardian, if there is one, or if there is no guardian, by the state department of human resources or by the licensed child-placing agency which has permanent custody of the said minor child by order of a juvenile court or a court of like jurisdiction. In every other case the court shall cause such further notice to be given to the known kindred of the child as shall appear to be just and practicable. In case of illegitimacy, where parental rights have not been terminated by order of a juvenile court or court of like jurisdiction, the consent of the mother alone shall suffice, except that the unwed father shall be given notice of the adoption proceedings and *453 opportunity to be heard (1) where paternity has been established, or (2) where the name and address of the unwed father is shown on the petition or (3) where the name and address of the father is otherwise known to the court. In all cases where the child is over fourteen years old his own consent must be had also.”
The issue here is whether the finding of the probate court that the father had abandoned the child is sufficiently supported by the evidence.
We note that because adoption is strictly mandated by statute and involves the curtailment of the rights of the natural parents, the adoption statute must be closely adhered to. Vice v. May, 441 So.2d 942 (Ala.Civ.App.1983). In order for a parent to be deemed to have abandoned his child within the purview of the adoption statute, it must appear that the parent has abandoned the child intentionally. Gillespie v. Bailey, 397 So.2d 130 (Ala.Civ.App.1980), cert. denied, Ex parte Gillespie, 397 So.2d 133 (Ala.1981). In other words, the parent must have undertaken a course of conduct toward the child implying a conscious disregard or indifference to the parental obligations owed to the child. Gillespie, supra.
Appellant Paul Edward Denney, Jr., relies on Abney v. Johnson, 474 So.2d 712 (Ala.Civ.App.1984), rev’d on other grounds, Ex parte Johnson, 474 So.2d 715 (Ala.1985), citing Schwaiger v. Headrick, 281 Ala. 392, 203 So.2d 114 (1967), as follows:
“The father’s failure ... to visit the child under existing misunderstandings in the family, does not, in our judgment, constitute abandonment within the purview of Section 3, Title 27, Code of 1940.”
Schwaiger, 281 Ala. at 394, 203 So.2d at 116. Appellant claims that it is partially due to family misunderstandings, namely a threat to him by the child’s great-uncle, that he has failed to visit the child. The record reveals that most of the members of the family were aware of the threat. This certainly qualifies as a misunderstanding under the Schwaiger case. However, even without such a situation, the law in Alabama is clear that the failure of a natural father to visit the child does not constitute abandonment. Henderson v. Feary, 340 So.2d 808 (Ala.Civ.App.), cert. denied, 340 So.2d 811 (Ala.1976).
The evidence is this case was not sufficient to show a conscious disregard or indifference to parental obligations owed to the child. Gillespie, supra. Thus there could properly be no finding of abandonment which would necessitate the father’s consent for an adoption to occur. Where a required consent has never been given, the trial court never obtains jurisdiction to proceed to the paramount question of the child’s welfare. Vice, supra.
Thus, the adoption decree was entered contrary to statute. The judgment of the probate court is reversed and set aside. That court is directed to enter a judgment setting aside its order of adoption in the matter of Anna Lamoyne Denney, entered on September 21, 1987, as void.
REVERSED AND REMANDED WITH DIRECTIONS.
BRADLEY, P.J., and HOLMES, J., concur.