INGRAM, Presiding Judge.
Charles Randall Manning,, the stepfather, filed a petition for the adoption of Shannon *1062 Terry Stacey in the probate court of Monroe County. Following a hearing, the probate court determined that Melvin Tharrell Stacey, the natural father, abandoned the minor child and granted the petition for adoption. The natural father appeals.
The dispositive issue here is whether the evidence supports the probate court’s finding that the natural father abandoned his child, therefore negating the need for his consent to the child’s adoption.
Section 26-10-3, Ala.Code 1975, provides, in pertinent part, the following:
“No adoption of a minor child shall be permitted without the consent of parents, but the consent of a parent who has abandoned the child [or] who cannot be found ... may be dispensed with, and consent may be given by the guardian, if there is one....”
For a parent to be deemed to have abandoned a child, within the purview of the adoption statute, it must appear that the parent has abandoned the child intentionally. “That is, the parent has undertaken a course of conduct toward the child which would imply a conscious disregard or indifference to parental obligations owed to the child." Gillespie v. Bailey, 397 So.2d 130, 132 (Ala.Civ.App.1980). The burden of proving that the child has been abandoned is on the party filing the petition for adoption. Schwaiger v. Headrick, 281 Ala. 392, 203 So.2d 114 (1967).
The record reveals that the parents of the child were divorced in 1974. The divorce decree gave custody of the child to the mother. The natural father was given reasonable visitation rights and was ordered to pay $40 per month in child support. At the time of the divorce, thé child was ten months old.
In 1976, the mother married Manning. The child has resided in the home of the mother and the stepfather continuously since 1976.
The natural father has never regularly visited the child, although from time to time he has lived in the same county. He has had four or five contacts with the child in the past ten or twelve years. He last visited the child in 1981 for approximately thirty minutes. In 1982, the paternal grandmother delivered two Christmas presents to the child from the natural father. In addition, the natural father has never regularly paid periodic child support.
The mother and stepfather have never discouraged or prevented the natural father’s exercise of visitation privileges with the child, and the mother has never sought to compel regular payment of child support by the natural father. The natural father offered no evidence tending to show why he failed to visit, contact, or monetarily support the child.
The probate court found that the stepfather met his burden and proved abandonment by the father. The probate court found that the father “has evinced a settled purpose to forgo all parental duties and relinquish all parental claims to said minor child.” Assessing the evidence of the case in light of the presumption of correctness, we conclude that the judgment of the probate court is sufficiently supported by the evidence to withstand the appeal.
The natural father, however, asserts that the probate court erred in determining that he had abandoned his child. In support of his assertion, he cites cases standing for the proposition that failure to regularly visit with or contribute to the support of a child is insufficient to establish abandonment. We have reviewed the cases on that point and find them to be distinguishable from the instant appeal. Schwaiger v. Headrick, supra; Denney v. Grund, 523 So.2d 451 (Ala.Civ.App.1988); Vice v. May, 441 So.2d 942 (Ala.Civ.App.1983); Straszewicz v. Gallman, 349 So.2d 593 (Ala.Civ.App.1977); Henderson v. Feary, 340 So.2d 808 (Ala.Civ.App.1976); Butler v. Giles, 47 Ala.App. 543, 258 So.2d 739 (1972). The facts in each of the above cases tend to show that there were mitigating or extenuating circumstances beyond the control of the parent which caused or contributed to the lack of visitation or support. Here, the natural father offers no explanation for his failure to contact or support the child. From a review of the record it appears that the natural father’s negligible contact with *1063 the child was intentional and voluntary. This type of action certainly implies a conscious disregard of and indifference to his parental obligations. In Thomas v. Culpepper, 356 So.2d 656, 657 (Ala.Civ.App.1978), we stated that “one cannot hold to parental rights and disregard concurrent parental obligations. The latter are of paramount importance.” We find that that is exactly what the natural father is trying to do here. In view of the circumstances, this case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.