BRADLEY, Judge.
This is an adoption case.
In 1969 Carolyn Shelley and Berman Nowlin were married. A child, Cassandra Nowlin, was bom to them on January 22, 1971.
When Cassandra was approximately five months old, Carolyn Shelley left her family to pursue a relationship with another man. She left Cassandra with a woman whom she told to do with Cassandra whatever she pleased. Thereafter, Cassandra’s paternal grandparents, the Nowlins, obtained physical custody of her.
In 1973 Carolyn Shelley and Berman Nowlin were granted a divorce by the Circuit Court of Henry County. Pursuant to the divorce decree, the Nowlins were awarded care and custody of Cassandra subject to visitation rights of her natural parents.
On October 30, 1979 the Nowlins filed a petition in the Probate Court of Henry County, seeking adoption of Cassandra. In their petition they alleged that the address of Carolyn Shelley was unknown. Thereafter, they gave notification of their intent to adopt Cassandra by publication in the Abbeville Herald.
A final decree of adoption was entered on January 15, 1980. On August 16, 1984 Carolyn Shelley petitioned to have the adoption nullified. In her petition she alleged that the probate court lacked jurisdiction to issue the adoption decree since she never consented to the adoption and, further, because she was never notified of the adoption proceedings. After a hearing her petition was denied. She appealed the decision to the Circuit Court of Henry County where the judgment of the probate court was affirmed. This appeal followed.
Section 26-10-7, Code 1975, provides in pertinent part that the adoption of a child by his or her grandparents is permissible, “but no such adoption shall be permitted without the consent of the natural parent or parents except as provided in section 26-10-3.” Section 26-10-3, Code 1975, provides as follows:
“No adoption of a minor child shall be permitted without the consent of his parents, but the consent of a parent who has abandoned the child, who cannot be found, who is insane or otherwise incapacitated from giving such consent or who has lost guardianship of the child through divorce proceedings or by the order of a court having jurisdiction may be dispensed with, and consent may be given by the guardian, if there is one, or if there is no guardian, by the state *455 department of pensions and security. In every such case, the court shall cause such further notice to be given to the known kindred of the child as shall appear to be just and practicable.”
“Because adoption is strictly statutory and involves the curtailment of the fundamental rights of the natural parents, the adoption statute[s] must be closely adhered to.” Vice v. May, 441 So.2d 942 (Ala.Civ.App.1983), citing, Davis v. Turner, 55 Ala.App. 366, 337 So.2d 355 (Ala.Civ.App.), cert. denied, 337 So.2d 362 (Ala.1976). Thus, in regard to section 26-10-3, it naturally follows that consent is jurisdictional and, where the required consent is never given, the court never obtains jurisdiction to proceed on the ultimate issue of adoption. See, Vice, supra.
The record in the instant case reveals that over the years both Carolyn Shelley and her sister, Paula Blankenship, had been in contact with Cassandra and the Nowlins. Carolyn Shelley also testified that periodically throughout the years she had sent money and gifts to Cassandra. Carolyn Shelley also testified that on at least two occasions while conversing with the Nowlins she had refused to grant them permission to adopt Cassandra. Paula Blankenship also testified that on several occasions she visited with the child.
Both Mr. and Mrs. Nowlin testified that at the time they filed the adoption petition the address of Carolyn Shelley was unknown to them. They further testified that they made no effort to locate her.
The record further reveals that from 1978 until February 1980 Carolyn Shelley lived at the same address in Fort Madison, Iowa. Moreover, in April 1979, six months prior to the filing of the adoption petition, Mrs. Nowlin sent a picture of Cassandra to Carolyn Shelley at the Iowa address. As stated above, no effort was made by the grandparents, the Nowlins, to contact Carolyn Shelley at that address.
Additionally, the record shows that Paula Blankenship has lived at the same address in Henry County since 1968, and that her residence is four miles from Mr. Nowlin’s sister. Mr. Nowlin testified that he knew that Carolyn Shelley’s sister lived in Henry County, and that he knew her, and, yet, no effort was made to contact her to learn the whereabouts of Ms. Shelley.
Applying the aforestated law to the facts of this case, we conclude that the trial court lacked the required jurisdiction to enter the order of adoption. Our decision is premised upon Carolyn Shelley’s failure to consent to the adoption. The Nowlins’ admission that they never attempted to locate Carolyn Shelley prior to filing the adoption petition, coupled with the fact that they had corresponded with her shortly before doing so and that she had refused her consent to any such adoption on at least two occasions, evidences a lack of good faith by the Nowlins to comply with the consent mandates of our adoption laws. Further, our law provides that notice shall be given to the “known kindred of the child,” such as Paula Blankenship, “as shall appear to be just and practicable.” Although the Nowlins did attempt notification by publication in the Abbeville Herald, we find that such notification fails to comply with the law in this case because of the Nowlins’ knowledge of and residential proximity of Paula Blankenship. Therefore, the judgment of the probate court is reversed and set aside.
We also note that our statute provides that the adoption of a minor child shall be permitted absent the consent of the child’s natural parents if the child has been abandoned. § 26-10-3, Code 1975. Although abandonment of Cassandra by her mother was inferred by the Nowlins, the issue of abandonment was not pursued before the trial court. Therefore, a finding of abandonment is not warranted in this case.
The judgment of the Circuit Court of Henry County is reversed and the cause remanded for entry of judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
*456 WRIGHT, P.J., concurs.
HOLMES, J., concurs specially.