BRADLEY, Presiding Judge.
This is an adoption case.
Amy Marie Dollar is the natural daughter of Kenneth Dollar and Sharon Peavy Dollar. When Amy was approximately two years old, Sharon Peavy Dollar died.
Following her death, Sharon Peavy Dollar’s parents, Ralph and Charlotte Peavy, petitioned for and Charlotte was awarded visitation rights with her granddaughter, Amy Marie Dollar.
Kenneth Dollar then remarried. Mr. Dollar’s new wife, Brenda Sue Lunceford Dollar, subsequently filed an adoption petition in Madison County Probate Court for the purpose of adopting Amy. Mr. Dollar consented, and the adoption was granted. No notice of the adoption proceedings was given to Mr. and Mrs. Peavy.
Following the adoption, Kenneth Dollar died, and Mr. and Mrs. Peavy sought to have the adoption nullified for failure to notify them of the proceedings. The court held that notice to grandparents was not jurisdictional and refused to nullify the adoption.
The Peavys appeal.
On appeal we must determine whether section 26-10-3, Code 1975, and section 26-10-7, Code 1975, require that grandparents be given notice of a pending adoption when they have been awarded visitation rights and whether a failure to give the notice makes the adoption invalid for lack of jurisdiction.
The pertinent statutes read as follows:
“Where ... a woman marries the father of a minor child or children and they reside together in one domicile, ... she may petition the probate court of ... her county of residence for leave to adopt such minor child ... but no such adoption shall be permitted without the consent of the natural parent or parents having custody of said child or children.”
§ 26-10-7, Code 1975.
“No adoption of a minor child shall be permitted without the consent of parents. ... In every other case the court shall cause such further notice to be given to the known kindred of the child as shall appear to be just and practicable.”
§ 26-10-3, Code 1975.
In this case Amy’s only living parent, Kenneth Dollar, consented to his daughter’s adoption by his new wife, Brenda Sue Dollar. Adoption by a stepparent is clearly permitted by section 26-10-7, Code 1975. The only restriction in such an adoption is that the child’s natural parent or parents consent. Kenneth Dollar did so.
Mr. and Mrs. Peavy assert that the language of section 26-10-3, Code 1975, requires that they be given notice of the adoption proceeding. We disagree.
Section 26-10-3 provides first that the parent(s) of the child must consent to an adoption and, then, in the event that the child has no parent(s), that the child’s guardian give his consent. Further, if the child has no guardian and the Department of Human Resources (formerly DPS) has custody of the child, then the Department of Human Resources must consent.
The statute then provides that “[i]n every other case the court shall cause such further notice to be given to the known kindred of the child as shall appear to be just and practicable.”
As Amy’s father was alive at the time of the adoption and his consent was not only obtainable but was actually given, the court was not required to issue notice to Mr. and Mrs. Peavy of the pending adoption.
We note that Mr. and Mrs. Peavy cite the case of Shelley v. Nowlin, 494 So.2d 453 (Ala.Civ.App.1986), as authority for their contention that they should have received notice of the proceeding. However, the facts in Shelley, supra, differ significantly from the facts of the present case.
*5 In Shelley, supra, the natural mother was not notified of a pending adoption by the child’s grandparents. Further, the grandparents in Shelley, supra, were aware of the location of the natural mother’s sister and the fact that the sister could locate the child’s mother. Thus, we held that the grandparents’ failure to notify the sister, as well as the mother, was fatal. Shelley, supra.
The Shelley case reiterates our position that an adoption must be consented to by the child’s natural parents if they are living and have not been deprived of custody. In this case, parental consent was obtained before Amy’s adoption by her stepmother. That consent is all that was required. §§ 26-10-3, -7, Code 1975. Consequently, the adoption is valid. The trial court’s judgment is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.