This is an adoption case. This matter began with the petition of the stepfather Culpepper in the probate court requesting adoption of Taunya Thomas, age four years. The petition alleged that consent of the father to adoption was unnecessary because he had abandoned the child.
After hearing the testimony, the probate court found that consent of the father was unnecessary because of abandonment and loss of guardianship. The circuit court reviewed the judgment of the probate court by certiorari and determined that the decision of the probate court should be affirmed because of abandonment.
The testimony showed the following: The child is the daughter of Sandranetta Culpepper and George Thomas, Jr. The parents were married in 1968 and divorced in 1972. At the time of the birth of the child in 1971, the father was in jail charged with a felony. He subsequently was remanded to the penitentiary. He was imprisoned at the time of the divorce. He did not contest the divorce and full custody was given to the mother. There was no mention of visitation rights of the father and the question of support was reserved.
Subsequent to the birth of the child and prior to the divorce, the mother twice carried her to visit the father at the penitentiary. Shortly after the divorce, the father was released. He and his parents visited the child at Christmas in 1972 for about ten minutes. He visited again in January 1973. In March 1973, while the child was hospitalized for surgery, the father was arrested and jailed for a narcotics violation. He was also charged with forgery of bonds and incarcerated in the federal penitentiary at Springfield, Missouri with a sentence of three years. While on leave from that institution, he visited his child in July 1973. At Christmas in 1973, the Salvation Army sent gifts at the request of the father. The paternal grandparents brought some gifts at Christmas in 1975. The father has made no contribution to the child since birth except for one medicinal prescription and one item of clothing. The mother stated he had not seen or inquired of the child since July 1973. The father stated he last visited at Christmas in 1974 and brought a purse he had made in prison.
The father is presently in the Jefferson County jail under a conviction for armed robbery. There was no testimony as to his sentence, but we take judicial knowledge that the minimum sentence for that offense is ten years. He also has a charge against him for violation of his federal parole.
Section 26-10-3, Code of Alabama (1975) as pertinent is as follows: *Page 658 
 "No adoption of a minor child shall be permitted without the consent of his parents, but the consent of a parent who has abandoned the child, . . . or who has lost guardianship of the child through divorce proceedings or by the order of a court having jurisdiction may be dispensed with . . ."
The father has presented two issues on appeal. The first is "Whether there is any basis in fact or law for a finding by the probate court that appellant's consent to the adoption of Taunya Dione Thomas is not required by reason of (a) abandonment, or (b) loss of guardianship through divorce proceedings." We find the circuit court correct in its holding that there was no loss of guardianship through the decree of divorce. The granting of custody to the mother and the failure to direct visitation privileges to the father in the uncontested divorce cannot be classified as a loss of guardianship. We consider that the intent of the statute is that the court must remove such right in positive terms. The determination by the Supreme Court that the language of the divorce decree in the case of Evans v. Rosser, 280 Ala. 163,190 So.2d 716 (1966) was sufficient to constitute a loss of guardianship appears to approach the limit of liberal construction. We cannot hold that failure of a decree to positively assert parental rights amounts to a permanent removal.
We do hold that the judgment of abandonment in this case when viewed with a presumption of correctness is sufficiently supported by the evidence to stand review on appeal.
Appellant correctly states that the appellate courts have tended to require that a charge of abandonment in adoption cases be supported by evidence of an intentional relinquishment of all parental rights and a disregard of or indifference to the parental obligations owed. We do not deem it necessary to discuss the factual situation in each of the recent cases which have held that the evidence failed to sufficiently meet the legal requirements of abandonment.[1] We will say that the facts in each tend to show that the failure of the father to meet the parental obligations was largely due to matters beyond the control of the father or such failure was caused or contributed to in part by the other parent. In two instances, delinquent support had been caught up prior to the adoption proceeding. In none of the cases was there evidence of a positive disregard or lack of concern for the welfare or interest of the child. We believe that such evidence is present in this case and is sufficient, when considered with the other evidence, to support the finding of abandonment.
The evidence we refer to is the voluntary acts of the father resulting in his repeated and prolonged imprisonment. These acts, coupled with failure to offer any significant support to his family at any time during the marriage and his negligible contact with his child by visitation, mail or proxy clearly implies a conscious disregard and indifference to his parental obligations. That the divorce decree did not require payment of support is no excuse for failure to recognize the need. It is our opinion that continued intentional criminal misconduct with knowledge that the probable result will be separation from and inability to fulfill parental duties is material evidence to be considered in determining an intent and purpose to abandon.Hamby v. Hamby, 264 S.C. 614, 216 S.E.2d 536 (1975). There is no indication in this case that the misconduct was in any way undertaken to benefit the child.[2]
Appellant submits that the few instances of visitation and giving of gifts indicates that he did not intend to relinquish his parental rights. We do not disregard such rare occasions, but one cannot hold to parental *Page 659 
rights and disregard concurrent parental obligations. The latter are of paramount importance.
We are not to be understood as indicating that incarceration per se constitutes abandonment. We hold only that it may be considered by the court along with other evidence as an element indicating abandonment of a child under the adoption statute.
The second issue presented is whether the particular statute is unconstitutional on its face because it is violative of due process of law. The crux of appellant's argument on this issue is that the statute permits the termination of parental rights without the consent of a parent who has abandoned the child. Appellant contends that the statute permits adoption upon the mere allegation of abandonment without hearing and judicial determination. We do not agree that the statute is so limited. It provides that even though abandonment or loss of guardianship through previous court order has occurred, such further notice of the adoption proceeding as is just and practicable shall be given the known kindred. The cases we have heretofore cited clearly indicate that our courts have construed the statute to require reasonable notice to the parent. We know of no case in which such notice has been dispensed with. Lankford v. Hollingsworth, 283 Ala. 559,219 So.2d 387 (1969); Claunch v. Entrekin, 272 Ala. 35,128 So.2d 100 (1961).
It is unnecessary that a statute contain direction to fulfill every constitutional requirement of due process in order to pass constitutional muster if it has been given such construction and application by the courts. Robinson v.California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962);United States v. Maroney, 355 F.2d 302 (3d Cir. 1965). Notice sufficient for due process was given appellant at the beginning of this case. He responded with a complete hearing with counsel. This right has continued through all of the appellate process including granting of appeal in forma pauperis. Certainly he has not been denied any due process. The authorities cited by appellant are not applicable to this case. The contention that due process required that appellant be formally notified of the entry of every order or judgment along the way is untenable and cannot be supported by citation from the most liberal application of the principle of due process.
We affirm the judgment of the probate court that the consent of George Thomas, Jr. to the adoption of Taunya Dione Thomas by Samford Alonzo Culpepper was unnecessary because he had abandoned her.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] Schwaiger v. Headrick, 281 Ala. 392, 203 So.2d 114 (1967);Straszewicz v. Gallman, 349 So.2d 593 (Ala.Civ.App. 1977);Henderson v. Feary, 340 So.2d 808 (Ala.Civ.App.), cert. denied,340 So.2d 811 (Ala. 1976); Butler v. Giles, 47 Ala. App. 543,258 So.2d 739 (1972).
[2] We do not say such purpose for misconduct may be considered as mitigating.