This is an appeal from the Circuit Court of Montgomery County whereby that court denied the appellant relief from a custody decree rendered on September 29, 1969 and an adoption order entered on December 19, 1972. The trial court granted a summary judgment against the appellant, Nelda Jean Steele, as to review of the custody decree and denied relief from the adoption order after hearing testimony ore tenus.
The appellant, Nelda Jean Steele, and Thomas Sayers were married in 1965. One child, Ruthie Alice Sayers, was born of this marriage. In 1966 Thomas Sayers was involved in an automobile accident and suffered brain damage. The parties were divorced in 1970.
On June 25, 1969 Evelyn Sayers, acting as mother and next friend of Thomas Sayers, filed a petition in the Circuit Court of Montgomery County seeking custody of the minor child, Ruthie Alice Sayers. The child at that time was in the custody of her mother, the appellant. The appellant was served by publication and failed to appear at the custody proceeding. The trial court heard testimony ore tenus and issued an order finding that the appellant was not a fit person to have custody and control of the minor child, Ruthie Alice Sayers. The trial court further ordered that custody of the child be awarded to the appellees, Ruthie S. McDaniel and John W. McDaniel. Ruthie S. McDaniel is the sister of Thomas Sayers, and John W. McDaniel is the husband of Mrs. McDaniel.
A writ of habeas corpus was issued and served upon the appellant in Denver, Colorado. She was directed to appear before the Circuit Court of Montgomery County on December 3, 1969. The appellant failed to appear and was found in contempt. On December 31, 1969 the appellant was arrested in Opelika, Alabama and brought to Montgomery. The appellant filed an application for rehearing alleging in part that the custody decree was obtained by fraud and mistake. A hearing was held on January 7, 1970 and the trial court dismissed the application for rehearing. Thereafter the child was placed in the custody of the McDaniels and has remained in their custody to date.
On December 13, 1972 Mr. and Mrs. McDaniel filed a petition for the adoption of Ruthie Alice Sayers in the Probate Court of Montgomery County. In the petition the appellees stated that the appellant's place of residence was unknown to them and that she could not be located. The petition further averred that the natural father's consent had been given for the adoption of the child. After hearing the evidence ore tenus, the court found that it was in the best interests of the child that adoption be made final immediately.
Appellant asserts the invalidity of the 1969 custody decree on two grounds. First, she contends that the action filed by Evelyn Sayers, acting as mother and next friend of Thomas Sayers, was improper in that Mr. Sayers was over the age of twenty-one and had not been legally declared non compos mentis. Secondly, the appellant contends that the appellees made false statements in the petition for custody.
The appellant's first contention is without merit. A person non compos mentis may sue by next friend, before and without an inquisition of lunacy. Whetstone v. Whetstone's Executors,75 Ala. 495 (1883). In Whetstone the court reached this conclusion, but noted the perils involved:
 [P]eril, that the alleged non compos, or lunatic, or person of weak and incapable mind, may not in fact be so, or may recover, and repudiate the interference; peril, that the chancery court may not consider him a suitable person, and may disallow his intermeddling.
None of the perils mentioned in Whetstone have occurred in the case at bar; therefore we think the suit was proper.
The appellant's second contention is that certain statements in the appellees' petition for custody were false, and therefore constituted a fraud upon the court. Specifically, the appellant refers to statements by the appellees that the location of the appellant was unknown and that the *Page 894 
appellant was concealing herself to avoid service of process. We think such an allegation was not timely filed. Rule 60 (b) of the Alabama Rules of Civil Procedure provides in part:
 This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three years after the entry of the judgment (or such additional time as is given by §§ 6-2-3 and 6-2-8, Code of Ala.) to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.
Section 6-2-3, Code of Alabama 1975, provides:
 In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his action.
We think it clear from the foregoing that ordinarily an aggrieved litigant must commence his action to set aside a judgment within a reasonable time after entry of judgment, not to exceed three years. However, where relief is based upon fraud the litigant is granted an additional year from the date of discovery of the fact constituting the fraud to bring his action.
The appellant was aware of the contents of the custody petition on January 6, 1970. On this date the appellant filed an application for rehearing contending that the custody decree was obtained by fraud. The fraud, if there was any fraud, was known to the appellant on January 6, 1970 and she had one year from that date to file her fraud action. Therefore, we think the trial court acted properly in refusing to review the 1969 custody decree since she did not file her action until nine years later.
The appellant also attacks the validity of the 1972 adoption order. The petition to set aside and hold for naught the adoption order was filed originally in the Montgomery County Probate Court and subsequently transferred, on motion, to the Montgomery County Circuit Court, Domestic Relations Division, which is the Juvenile Court in Montgomery County. The appellant contends that the appellees perpetrated a fraud upon the court. As with the custody decree, the appellant argues that she had no notice of the adoption proceeding and that the appellees knew or should have known of her whereabouts; thus she was denied due process of law as guaranteed by the United States Constitution. She testified that the fact of adoption was not discovered until 1978 after she employed an attorney to check the probate records.
The adoption application filed by the appellees stated that the residence of the appellant was unknown and that she could not be located. The appellees testified that they had made no effort whatsoever to locate the mother prior to the adoption proceeding. The evidence further indicated that the appellees made no inquiry of the appellant's three sisters, who were all known to the appellees, concerning the whereabouts of the appellant. It should also be noted that subsequent to the 1969 custody proceeding the appellees were able to locate the appellant within two days by employing a private investigator.
It has been previously held that a parent must be given at least reasonable notice of an adoption proceeding. Lankford v.Hollingsworth, 283 Ala. 559, 219 So.2d 387 (1969); Claunch v.Entrekin, 272 Ala. 35, 128 So.2d 100 (1961); Thomas v.Culpepper, Ala.Civ.App., 356 So.2d 656 (1978).
Additionally, § 26-10-3, Code of Alabama 1975, requires the consent of both parents unless certain enumerated factors are present. One of those factors is that the parent cannot be found. Appellant contends that she could have been found. The evidence clearly shows that the adoptive parents made no effort to locate the natural mother. Furthermore, the adoption decree provides that the natural mother lost custody of the child in a divorce proceeding in the Montgomery County Circuit Court. First, the loss of custody of a child in a divorce proceeding is not one of the factors listed in § 26-10-3 that obviates the *Page 895 
necessity of obtaining the consent of a natural parent to an adoption; second, should the statement in the adoption decree be construed to mean that appellant had lost guardianship of her child, the adoption decree still would not satisfy the requirements of § 26-10-3. We said in Thomas v. Culpepper,supra, that:
 The granting of custody to the mother and the failure to direct visitation privileges to the father in the uncontested divorce cannot be classified as a loss of guardianship. We consider that the intent of the statute is that the court must remove such right in positive terms.
In the case sub judice the mother was deprived of custody but was given visitation privileges. She testified that she made an effort to visit her child but was rebuffed by the custodians. The evidence is insufficient to support a conclusion that appellant had lost guardianship of her child. Accordingly, we hold that § 26-10-3 has not been observed, and the adoption order is due to be voided.
We affirm the trial court's granting of a summary judgment in favor of the appellees concerning the validity of the 1969 custody proceeding and reverse that part of the judgment holding that no fraud was perpetrated on the court in the adoption order. This cause is remanded for entry of a judgment not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur.