JONES, Justice.
George D. Howard, Sr., appeals from the trial Court’s granting of summary judgment in favor of Appellee, Charles D. Jordan, finding Appellant liable to Appellee on a promissory note in an amount of $29,-396.37. We affirm.
Charles D. Jordan was the sole stockholder of Green Valley Timing Association, Inc., which sold a drag strip operation to the Defendant, George D. Howard, Jr., son of Appellant. Green Valley Timing Association, Inc., required a promissory note to be executed by George D. Howard, Jr., and guaranteed by his father, George D. Howard, Sr. Subsequently, payments on the note were not made when due, and suit was initiated by Jordan as the sole stockholder and assignee, in liquidation, of the assets of Green Valley Timing Association, Inc. (George D. Howard, Jr., has not been proceeded against because of a bankruptcy petition filed by him.) Appellant has admitted, pursuant to a request for admission, that his signature does appear on the promissory note and guaranty agreement.
I. The Trial Court’s Granting of Summary Judgment.
Appellant argues that the trial Court committed reversible error by granting Plaintiff-Appellee’s motion for summary judgment. We cannot agree.
Summarily stated, Appellant’s contention of trial Court impropriety is founded on four factors:
1) The insufficiency of Appellee’s affidavit in support of his motion for summary judgment, due to its failure to allege the assignment of all interests in and to said note.
2) That a substantial issue of fact did exist regarding the propriety of the assignment of said note to Appellee.
3) That a substantial issue of fact did exist regarding the execution of the guaranty agreement, and that cases involving such agreements are not proper ones for summary judgment.
4) That a substantial issue of fact did exist regarding Appellee’s proof of his assignment from Green Valley Timing Association, Inc.
A basic axiom in cases involving motions for summary judgment is that when such a motion is made, as provided by ARCP 56, the adverse party may not rest upon mere allegations or denials in his original pleadings, but must set forth by affidavit, or otherwise, sufficient facts showing a genuine issue for trial. ARCP 56(e). We note in this case Appellant’s failure to follow this procedural mandate. Significantly, Appellant’s answer to the complaint below controverted neither the allegations of the guarantor status of the Defendant nor those of the assignee status of the Plaintiff.[1]
*1055 The only evidence presented to the trial court was Appellee’s affidavit supporting his motion for summary judgment and Appellant’s answers to Appellee’s request for admissions. This Court stated in Imperial Group, Ltd. v. Lamar Corporation, 347 So.2d 988 at 989-90 (Ala.1977), that “. .. it can be perilous for the opposing party neither to proffer any countering evidentiary materials nor to file an affidavit.”
The evidence for the trial court’s consideration on Appellee’s motion for summary judgment presented no triable issues of fact; therefore, judgment for Appellee was, as a matter of law, the only appropriate response by the trial court. Accordingly, this cause is due to be, and hereby is, affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.

. We note, for emphasis, that Appellant’s insistence that these issues of fact are presented (that is, whether Defendant below acquired the legal status of guarantor and whether Plaintiff below acquired the legal status of assignee) is misplaced, in that neither of these allegations *1055 of Plaintiff’s complaint is controverted in Defendant’s answer. Thus, as to these issues, Plaintiff bears no further burden as to their proof. Rule 8(d), ARCP.