ROBERTSON, Judge.
In November 1988, B.E.F., the maternal grandfather of S.W.J., petitioned in probate court to adopt S.W.J., his five-year-old grandson. On a motion filed by the mother, the case was transferred to the juvenile division of the district court.
The record reveals the following pertinent facts. The child was born November 4, 1983. He and his biological mother lived with the petitioner from the time the child was only a few days old until the mother moved approximately two years later. The child has remained in the petitioner’s home most of his life, and the petitioner has provided care and support for the child. The petitioner requested and was granted temporary custody of the child in June 1985.
The biological father never married the mother, nor legitimated the child. Additionally, he has had no contact with the child, and his whereabouts are unknown. Neither parent ever provided any financial support for the child. The mother has maintained minimal contact with the child and has given the child occasional gifts.
While the petition did not specifically allege abandonment, it did allege that the mother “has provided no financial support of any kind to the child since he was born.” Also, the petition does not allege any consent, and the record is void of any consent by any person or agency. The mother did file a handwritten objection to the adoption before obtaining legal counsel.
Pursuant to § 26-10-2, the trial court excused, as unnecessary, the representative of the Department of Human Re *1136 sources (DHR) from the hearing. The trial court received testimony from the petitioner, petitioner’s wife, and the mother of the child. A final order of adoption was entered in January 1990. The mother’s motion for new trial was denied.
The mother contends on appeal that the trial court was without jurisdiction to enter an order of adoption because it lacked the consent required under § 26-10-3, Code 1975.
Petitioner argues that he sufficiently alleged and proved abandonment, whereby the mother’s consent was not necessary. He further argues that the temporary custody award to him in 1985 gave him the authority to consent to the adoption which he, in effect, did by filing the petition.
We note that adoption is strictly, statutory, and that, because it involves the curtailment of fundamental rights of the natural parents, the statute must be adhered to closely. Davis v. Turner, 337 So.2d 355 (Ala.Civ.App.), cert. denied, 337 So.2d 362 (Ala.1976).
Section 26-10-3, Code 1975, states:
“No adoption of a minor child shall be permitted without the consent of parents, but the consent of a parent who has abandoned the child, who cannot be found, ... or who has lost guardianship of the child ... by the order of a court having jurisdiction may be dispensed with, and consent may be given by the guardian, if there is one, or if there is no guardian, by the state department of human resources....”
The consent of the parent, or in circumstances falling under § 26-10-3, the consent of the guardian or department of human resources is jurisdictional, and where a required consent is never given the trial court never obtains jurisdiction. Vice v. May, 441 So.2d 942 (Ala.Civ.App.1983).
In this case, clearly, no consent was given, and we cannot find that the previous award of temporary custody of the child to the petitioner constitutes an award of guardianship whereby he could consent to adoption. See Walker County Department of Pensions & Security v. Mason, 373 So.2d 863 (Ala.Civ.App.1979). Also, see Steele v. McDaniel, 380 So.2d 892, 895 (Ala.Civ.App.1980) (as to loss of custody).
Therefore, had abandonment been proven, because the child had no guardian, the consent of DHR would have been necessary. Lankford v. Hollingsworth, 283 Ala. 559, 219 So.2d 387 (1969). Where the required consent has never been given, the trial court never obtains jurisdiction to grant the adoption. Denney v. Grand, 523 So.2d 451 (Ala.Civ.App.1988).
Consequently, the trial court was without jurisdiction to proceed on the petition, and the adoption was granted contrary to statute. The judgment of the trial court is due to be reversed, and the trial court is directed to set aside its order of adoption.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur.