MONROE, Judge,
dissenting.
It is clear from the record that the trial judge applied the appropriate standard in concluding that the parental rights of T.S., the birth mother, should be terminated and that J.P. and C.P. should be allowed to adopt ■J.S. Therefore, I respectfully dissent.
The underlying action was a petition for adoption. J.P. and C.P. sought to adopt J.S., who had been living with them since he was 15 months old. After ore tenus proceedings, the trial court found that the birth mother had given implied consent to the adoption, had relinquished her parental rights, or had abandoned J.S., and granted the petitioners’ request for ádoption. The birth mother appeals, claiming that she did not consent to the adoption and that her parental rights were improperly terminated.
Parental rights are necessarily terminated during an adoption proceeding either by consent, express or implied, or by judicial termination in compliance with the Child Protection Act (CPA). Ala.Code 1975, §§ 26-10A-9(2), 26-18-7.
The Alabama Adoption Code (AAC) defines the “consent” or “relinquishment” nee-.essary to terminate parental rights as part of the adoption process, which must be:
“A consent or relinquishment required by section 26-10A-7 may be implied by any of the following acts of a parent:
[[Image here]]
“(2) Knowingly leaving the adoptee with others without provision for support and without communication, or not otherwise maintaining a significant parental relationship with the adoptee for a period of six months.... ”
Ala.Code 1975, § 26-10A-9(2).
Additionally, the implied consent or relinquishment, which would obviate the need for the birth mother’s expressed consent, may be found when the birth mother abandons her child. Gillespie v. Bailey, 397 So.2d 130 (Ala.Civ.App.1980); cert. denied, Ex parte Gillespie, 397 So.2d 133 (Ala.1981); Ala.Code 1975, § 26-10A-2(1).
To prove abandonment in an adoption case, the evidence must show that the parent has undertaken toward the child a course of conduct that would imply a conscious disregard or indifference to the parental obligations owed to the child. Vice v. May, 441 So.2d 942 (Ala.Civ.App.1983); Gillespie v. Bailey, 397 So.2d 130 (Ala.Civ.App.1980); Thomas v. Culpepper, 356 So.2d 656 (Ala.Civ.App.1978). The voluntary acts of a parent resulting in a prolonged separation from the child and an inability to fulfill parental duties are material *539 evidence to be considered in determining whether the parent had an intent and purpose to abandon. Thomas, 356 So.2d 656. One may not rely on rare instances of contact with, and support of, the minor to assert “parental rights and disregard concurrent parental obligations.” Id. at 659.
It is obvious from the record that the birth mother intentionally and voluntarily relinquished her parental rights to the petitioners. She left J.S. with the petitioners when he was 15 months old, and for 4 years she did not provide support or engage in any duties of parenthood.
In 1991, she said she wanted her son, and the petitioners returned J.S. to her. Then, within one week of getting J.S., she voluntarily returned him to the petitioners, who again assumed their role as J.S.’s parents. In 1993, when J.S. was over five years old, the birth mother, for the first time, asserted her rights as a parent. The birth mother’s actions provide clear and convincing evidence that she abandoned J.S.
Applying the law to the facts in this case, termination of the birth mother’s parental rights was proper. Also, it should be noted that the birth father, who has had no contact with J.S., was notified of the adoption proceedings, and failed to appear.
To reverse and remand solely because the trial judge failed to use some “magic words” for terminating the birth mother’s parental rights is to put form over substance. We have previously held that detailed findings in a termination proceeding are helpful but not required. M.J.G.L. v. State Dep’t of Human Resources, 587 So.2d 1004 (Ala.Civ.App.1991); A.P. v. State Dep’t of Human Resources, 624 So.2d 593 (Ala.Civ.App.1993).
Needless to say, I would affirm the trial court’s termination of the birth mother’s parental rights and the judgment granting the adoption of J.S. by the petitioners. To do otherwise would substitute this court’s judgment for that of the trial court. This the law does not and should not permit.