PITTMAN, Judge.
This appeal arises from a judgment of the Etowah Probate Court permitting the adoption of C.L.S. (“the child”), born in June 2001 to L.C.S. (“the mother”), by C.S. and A.S., the mother’s parents (“the petitioners”).
In March 2002, the petitioners filed their petition in the Etowah Probate Court,[1] seeking to adopt the child; the petitioners identified the mother as being the only known person “from whom consents and relinquishments to th[e] adoption are required by law” and they alleged that the child had resided in their home since her birth. The mother gave written consent to the adoption of the child by the petitioners, and the probate court entered an order on March 26, 2002, awarding pendente lite custody of the child to the petitioners and setting a “dispositional hearing” for June 19, 2002. The probate court further directed that notice of the proceedings be served in the manner prescribed by § 26-10A-17, Ala.Code 1975, which provided, at *583 the time of the probate court’s order,[2] that “notice of pendency of [an] adoption proceeding shall be served by the petitioner on,” among other persons, “[t]he father and putative father of the adoptee if made known by the mother or otherwise known by the court.” Section 26-10A-17(a)(10). Section 26-10A-17(c) provides for service “by publication, by posting, or by any other substituted service” upon a putative father “[i]f the identity or whereabouts of the parent is unknown, or if the one parent fails or refuses to disclose the identity or whereabouts of the other parent.”
On April 10, 2002, the probate court directed that notice to “the unknown or undisclosed parent of [the child]” of the June 19, 2002, adoption proceedings be published at the expense of the petitioners. The notice of adoption was published for four consecutive weeks in a newspaper of general circulation in Etowah County; it was last published on May 8, 2002. On June 4, 2002, within 30 days of the final publication date of the notice of adoption, an attorney filed in the probate court a notice of his appearance on behalf of a man claiming to be the child’s father, J.N.F. (“the putative father”); the putative father also filed an “objection” to the adoption, averring that hé was a “fit and proper person” to have custody of the child and that DNA testing should be ordered to ascertain the child’s paternity.
The record does not reflect what transpired at the June 19, 2002, hearing on the adoption petition; however, the parties in the briefs to this court contend that the probate court gave them permission to file exhibits. On June 20, 2002, the putative father filed a number of documents in the probate court, including a calendar that, the putative father alleged, reflected the number of days the child had spent in the putative father’s home, a pediatric-clinic record signed by the mother identifying the putative father as the child’s father, and documents indicating expenditures by the putative father’s family on behalf of the child for day care and medical care. On June 21, 2002, the petitioners filed copies of papers that, they alleged, concerned the circumstances of the putative father’s separation from military service. Finally, on June 25, 2002, the putative father submitted additional financial documents that he claimed showed day-care expenditures made by him on behalf of the child.
The probate court’s judgment from which the putative father appeals is dated June 19, 2002; however, the parties contend that that judgment was not “filed” (i.e., entered) until June 25, 2002. The probate court’s judgment is in the same typeface as the petitioners’ filings, and it appears to be based on a judgment form supplied by the petitioners. In its judgment, the probate court stated, in pertinent part:
“This above-styled cause is now properly before the Court for disposition; and it now appears that an Interlocutory Order has been entered in this matter ...; .that due and proper notice of these proceedings has been perfected on those entitled; that all required consents to the adoption have been placed of record; and that all other requisites of law have been met; and on motion the Court proceeds; and
“The Court being satisfied from clear and convincing , evidence adduced that the facts alleged in said petition are true; that the adoptee has been in the actual physical custody of the Petition *584 er(s) for a period of sixty (60) days or more; that there has been no contest or objections brought in this cause; that the Petitioner(s) is/are suitable to be the parent(s) of said adoptee and he/she/ they desires to establish a parent/child relationship with the adoptee; that the best interest of the adoptee will be served by granting the petition; and that a change [of name of the adoptee and a change] of guardianship to the Petitioner(s) is proper.
“It is therefore ORDERED, ADJUDGED AND DECREED by the Court that the Petition for leave to adopt ... be and the same is hereby granted....”
(Emphasis added; bracketed language in the original.)
On appeal from the probate court’s judgment, the putative father contends that the probate court’s judgment is based upon an incorrect premise, i.e., that there were no contests or objections to the adoption. The record clearly indicates that the probate court’s judgment on this point is in error — the putative father, within 30 days of receiving notice of the adoption proceedings, appeared through counsel and filed an objection to the adoption. The probate court, in rendering a judgment on a form that appears to have been supplied by counsel for the petitioners, erroneously failed to address the merits of the putative father’s contest as required by § 26-10A-24(a), which mandates that a hearing be set to determine, among other things, the best interests of the adoptee and the validity of any actual or implied consents to adoption “[w]henever a motion contesting the adoption is filed.” Moreover, we note that, in overlooking the putative father’s contest of the adoption, the probate court failed to comply with § 26-10A-22, Ala. Code 1975, which requires the appointment of a guardian ad litem “[i]n the event of a contested adoption.”[3]
The probate court’s failure to address the merits of the putative father’s contest of the adoption sought by the petitioners necessitates that we reverse the probate court’s judgment. We therefore do not address the putative father’s second argument concerning whether the putative father has consented to the adoption of the child, either expressly or by his conduct, or whether his parental rights should be terminated. We remand the cause to the probate court for that court to address the putative father’s contest.
In reversing the probate court’s judgment and remanding this case, however, we note that the law in this area is in a state of relative flux. As the putative father correctly notes, a number of recent opinions issued by the Alabama Supreme Court and this court have considered the procedural and substantive rights of putative fathers in adoption cases under the versions of the Alabama Adoption Code, § 26-10A-1 et seq., Ala.Code 1975, and the Putative Father Registry Act, § 26-10C-1 et seq., Ala.Code 1975, in effect at the time those cases were decided. E.g., Ex parte F.P., 857 So.2d 125 (Ala.2003) (plurality opinion); Ex parte S.C.W., 826 So.2d 844 (Ala.2001); Ex parte C.V., 810 So.2d 700 (Ala.2001) (plurality opinion); K.L.B. v. W.M.F., 864 So.2d 333 (Ala.Civ.App.2002) (plurality opinion). However, in April 2002, the Legislature enacted Act No. *585 2002-417, 2002 Ala. Acts, which made significant changes to the Alabama Adoption Code and the Putative Father Registry-Act, especially as to whether a putative father, by his failure or refusal to register with the Department of Human Resources, impliedly consents to an adoption. Moreover, in Section 3 of Act No. 2002-417, the Legislature expressly gave those amendments retroactive effect to January 1, 1997. In addressing the putative father’s contest, the probate judge will necessarily be called upon to consider the effect of those legal developments upon the rights of the litigants in this case, including whether application of Act No. 2002-417 to the father in this case would violate § 95 of the Alabama Constitution of 1901. See Ex parte F.P., supra. Because of the scant record in this case, we deem it prudent to leave those issues for a determination in the first instance by the probate court on remand.
REVERSED AND REMANDED.
MURDOCK, J., concurs in the result.
YATES, P.J., and CRAWLEY, J., concur in the result in part and dissent in part.
THOMPSON, J., dissents.

. We note that no case number has been assigned by the probate court.

. Section 26-10A-17 was amended in 2002; however, the quoted language was unchanged by the-amendment.

. We also note that the Alabama Adoption Code, § 26-10A-1 et seq., Ala.Code 1975, in addition to requiring the appointment of a guardian ad litem to represent the adoptee in a contested-adoption proceeding, also requires the appointment of a guardian ad litem to represent the interests of a minor parent when that parent’s consent is required for an adoption. See § 26-10A-8(a), Ala.Code 1975. The mother of the child was a minor at the inception of this action.