MOORE, Judge.
In appeal no. 2111166, R.J.G. (“the mother”) appeals from a judgment of the Mobile Juvenile Court (“the juvenile court”) terminating her parental rights to M.G. (“the child”). In appeal no. 2120351, the mother appeals from an order of the juvenile court denying her motion, filed pursuant to Rule 60(b), Ala. R. Civ. P., seeking relief from that judgment.

Procedural History

On May 19, 2011, the Mobile County Department of Human Resources (“DHR”) filed a petition to terminate the parental *506 rights of the mother and the unknown father of the child. On February 6, 2012, the juvenile court entered a permanency order establishing a permanency plan of adoption by the child’s foster parent. On July 2, 2012, the date the termination hearing was scheduled, the mother’s attorney requested a continuance because DHR had provided discovery responses to him that day. The mother’s attorney also stated that he had written the mother inquiring when she would be released from incarceration and that the mother had sent him a letter informing him that she would be released from incarceration in time to meet with him and prepare her case. He stated that he later learned, by checking on the Internet, that the mother was incarcerated in the South Mississippi County Jail on a charge of residential burglary. He stated that he had sent a letter to the mother, in care of her father’s address, as well as a letter to her father, and that neither of them had responded. He stated that Amy Turner, a DHR worker, had, on the morning of the termination hearing, shown him some letters she had received from the mother indicating that the mother would be released from incarceration, at the most, one or two months after May 18, 2012. The attorney stated that because of the conflicting information, he was uncertain when the mother would be released from incarceration. He stated that the mother had assured him that she would stay in touch with him but that he had not received any other correspondence from her since she responded to his letter inquiring as to when her incarceration would end. He requested that the juvenile court consider resetting the termination hearing to a date in August to allow him an opportunity to find out when the mother was going to be released from incarceration and, in the event she would still be incarcerated on the new hearing date, whether there was a way for her to attend the hearing. The juvenile court denied the motion for a continuance.
On July 19, 2012, the juvenile court entered a judgment terminating the mother’s parental rights. The mother filed her notice of appeal on July 18, 2012.[1]
On December 3, 2012, the mother filed a motion, pursuant to Rule 60(b), Ala. R. Civ. P., seeking relief from the July 19, 2012, judgment terminating her parental rights. The mother alleged that she had been provided ineffective assistance of counsel. On December 4, 2012, the mother requested that this court grant her leave to file the Rule 60(b) motion; this court granted that request the same day. On January 2, 2013, the juvenile court entered an order denying the mother’s Rule 60(b)(2) motion and stating:
“The above styled case comes before the Court on RESPONDENT’S/MOTHER’S RULE 60(B) MOTION FOR RELIEF FROM ORDER TERMINATING RESPONDENT’S PARENTAL RIGHTS, with permission from the Court of Civil Appeals. The Court notes that the case is on appeal to the Court of Civil Appeals which court authorized the filing of the motion made the subject of this order.
“Upon review of the motion and the case law presented therein, the Court finds that the arguments presented by counsel in the 60(B) motion are dependent in large part upon a review of the court record to determine whether or not the facts contained within the record support the conclusions reached by counsel.
*507 “The undersigned is of the opinion that those arguments can be most properly made before the Court of Civil Appeals as grounds for reversal, and therefore it is ORDERED, ADJUDGED, and DECREED by the Court that the motion under 60(B) is hereby denied.”
(Capitalization in original.) On January 4, 2013, the mother filed her notice of appeal from the juvenile court’s order denying her Rule 60(b) motion.

Discussion

In appeal no. 2120351, the mother argues that the juvenile court erred in denying her Rule 60(b) motion. We initially note that the juvenile court’s order indicates that it did not reach the merits of the mother’s motion; instead, the juvenile court mistakenly determined that this court should do so in the first instance. To the contrary, a motion alleging ineffective assistance of counsel must first be determined by the trial court. See, e.g., K.H. v. Jefferson Cnty. Dep’t of Human Res., 106 So.3d 420 (Ala.Civ.App.2012). “[I]t is generally the duty of a trial court to first consider all issues raised by the parties, and only after the trial court has done so is review by an appellate court possible.” Woodruff v. City of Tuscaloosa, 101 So.3d 749, 755 (Ala.2012). Accordingly, we reverse the juvenile court’s order entered on the mother’s Rule 60(b) motion, and we remand the cause for the juvenile court to enter an order on the merits of the mother’s motion.
Because we are reversing and remanding with regard to appeal no. 2120351, we pretermit discussion of the issues raised in appeal no. 2111166 addressed to the judgment terminating the mother’s parental rights. See, e.g., Congress v. U.S. Bank, N.A., 98 So.3d 1165, 1170 (Ala.Civ.App.2012). However, because the juvenile court’s actions on remand may affect the judgment terminating the mother’s parental rights, we remand that action to the juvenile court as well. The juvenile court shall make a return to this court within 42 days after the date of this opinion.
2111166—REMANDED. 
2120351—REVERSED AND REMANDED. 
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. The mother’s notice of appeal was held in abeyance until the judgment was entered. See Rule 4(a)(4), Ala. R.App. P.