MOORE, Judge.
LÍ.T. (“the biological mother”) appeals from a judgment of the Hale Probate Court (“the probate court”) denying her motion for relief from a judgment granting the petition filed by W.L. and C.L. (“the petitioners”) to adopt C.T. (“the child”).

Procedural History

On February 17, 2013, the petitioners filed a petition in the probate court seeking to adopt the child. Both the biological mother and the biological father of the child signed affidavits consenting to the adoption. On May 17, 2013, the probate court entered a judgment granting the petition for adoption of the child.
On December 20, 2013, the biological mother filed a motion for relief from the judgment of adoption, asserting that the adoption judgment was void because her consent was not valid. Specifically, the biological mother asserted that her consent was not valid because she had been a *1291 minor at the time she had signed it and because she had not had a guardian ad litem appointed to represent her. The biological mother also asserted that the consent had been obtained through fraud and duress. After a hearing, the probate court entered an order on February 26, 2014, denying the motion for relief from the adoption judgment. On April 2, 2014, the biological mother filed her notice of appeal.

Discussion

On appeal, the biological mother argues that the probate court erred in denying her motion for relief from the adoption judgment because, she says, the judgment was void for failure of the probate court to appoint a guardian ad litem to represent her interests before she signed the consent to the adoption. We conclude that the biological mother’s motion was filed pursuant to Rule 60(b)(4), Ala. R. Civ. P., because she asserted in her motion that the adoption judgment was void.
“The standard of review on appeal from an order granting [or denying] relief under Rule 60(b)(4), Ala. R. Civ. P. (‘the judgment is void’), is not whether the trial court has exceeded its discretion. When the decision to grant or to deny relief turns on the validity of the judgment, discretion has no field of operation. Cassioppi v. Damico, 536 So.2d 938, 940 (Ala.1988). ‘If the judgment is void, it is to be set aside; if it is valid, it must stand.... A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process.’ Seventh Wonder v. Southbound Records, Inc., 364 So.2d 1173, 1174 (Ala.1978) (emphasis added).”
Ex parte Full Circle Distrib., L.L.C., 883 So.2d 638, 641 (Ala.2003).
“ ‘It is well settled that adoption is purely statutory, unknown to the common law, and that strict statutory adherence is required.’” Ex parte S.C.W., 826 So.2d 844, 849 (Ala.2001) (quoting with approval Judge Crawley’s dissent in S.C.W. v. C.B., 826 So.2d 825, 842 (Ala.Civ. App.2001)). When a required valid consent is not obtained, the probate court lacks jurisdiction to enter an adoption judgment. See, e.g., J.L.F. v. B.E.F., 571 So.2d 1135, 1136 (Ala.Civ.App.1990) (considering whether required consent was obtained pursuant to the previous adoption statutes).
Section 26-10A-8(a), Ala.Code 1975, a part of the Alabama Adoption Code, § 26-10A-1 et seq., Ala.Code 1975, provides, in pertinent part: “Prior to a minor parent giving consent [to adoption of his or her child] a guardian ad litem must be appointed to represent the interests of a minor parent whose consent is required.” See also J.N.F. v. A.S., 866 So.2d 582, 584 n. 3 (Ala.Civ.App.2003). Section 26-10A-2(7), Ala.Code 1975, also a part of the Adoption Code, defines a “minor” as: “A person under the age of 19 or a person who is not an adult under the law in the jurisdiction where he or she resides.” Because the biological mother was under the age of 19 at the time she signed the consent to the adoption of the child, the probate court was required to appoint a guardian ad litem to represent her interests prior to her giving consent. Thus, the consent obtained from the biological mother was not valid under the Adoption Code. Because the probate court failed to obtain a required valid consent from the biological mother, the probate court lacked jurisdiction to enter the adoption judgment, and, *1292 thus, the adoption judgment is void.[1] See J.L.F., 571 So.2d at 1136; and Ex parte Full Circle Distrib., L.L.C., 883 So.2d at 641. See also Ex parte A.M.B., 4 So.3d 472, 475-76 (Ala.2008) (noting that the St. Clair Juvenile Court had determined an adoption to be invalid because consent had been obtained from a minor parent who was not represented by a guardian ad litem). Thus, the probate court erred in declining to grant the biological mother’s motion for relief from the adoption judgment. We therefore reverse the probate court’s order denying the motion for relief from the adoption judgment, and we remand this cause for the probate court to vacate its void adoption judgment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. Although the petitioners cite Anderson v. Hetherinton, 560 So.2d 1078 (Ala.Civ.App. 1990), a case in which this court held that the consent signed by a minor parent was valid even though that minor parent had not been represented by a guardian ad litem, we note that that case was decided before the enactment of the current Adoption Code, which requires the appointment of a guardian ad litem for a minor parent.