THOMAS, Judge.
In 2009, L.R.B. ("the father") and J.C. ("the mother") were divorced by the DeKalb Circuit Court. According to the parties, the divorce judgment awarded custody of the parties' two children to the father. In April 2012, the mother filed in the DeKalb Juvenile Court ("the juvenile court") an emergency motion for custody of the children; she also filed two form complaints, which initiated a separate action for each child, seeking to have the children declared dependent and in which she alleged that the father had been arrested in Tennessee, had recently been committed to and released from a mental-health-care facility, had a history of mental-health issues and drug use, and, at a recent visitation, had "attempted to fight" the mother.
In August 2012, the juvenile court rendered a judgment that was entered in each action, incorporating the parties' agreement respecting custody of the children. By agreement, the children were placed in the custody of the mother, and the father was awarded specific visitation. In 2015, the mother instituted contempt actions against the father in the juvenile court; the father counterclaimed, requesting a modification of the 2012 judgment and that the mother be held in contempt. The parties reached an agreement regarding the 2015 claims as well, and the juvenile court modified the 2012 judgment only insofar as it specified the location for the exchange of the children for visitation.
In September 2017, the father filed in the juvenile court a motion pursuant to Rule 60(b)(4), Ala. R. Civ. P., requesting that the juvenile court set aside the 2012 judgment as void. The father argued in his motion that the juvenile court had lacked jurisdiction to enter the 2012 judgment and that both that judgment and the 2015 modification judgment were void. He contended that the juvenile court had not determined that the children were dependent and that, therefore, the juvenile court had lacked jurisdiction to determine their custody.
The juvenile court rendered a judgment that was entered in each action, denying the father's motion and indicating that it considered the father's motion to have come too late and that the father had assented to the juvenile court's jurisdiction by litigating the 2015 modification actions. The father sought review of the denial of his Rule 60(b) motion via petitions for the writ of mandamus, which we have treated as appeals. See M.M. v. K.J.Z., 249 So.3d 1144 (Ala. Civ. App. 2017) (electing to treat petitions for the writ of mandamus seeking review of the denial of Rule 60(b) motions as appeals from the denial of those motions). This court consolidated the appeals ex mero motu.
The father's motion sought relief from the 2012 judgment under Rule 60(b)(4) based on allegations that the juvenile court had lacked subject-matter jurisdiction to enter the 2012 judgment. Motions seeking relief from a void judgment may be brought at any time.
*1070 Ex parte McCrory & Williams, Inc., 155 So.3d 1018, 1020 (Ala. Civ. App. 2014). Thus, despite the juvenile court's conclusion that the father's motion was filed too late, the father's motion was timely filed. Furthermore, we note that " ' "[a] lack of subject-matter jurisdiction is not subject to waiver by the parties," ' " B.L.R. v. N.M.N., 69 So.3d 868, 869 (Ala. Civ. App. 2011) (quoting K.C. v. R.L.P., 67 So.3d 94, 95 (Ala. Civ. App. 2011), quoting in turn Ex parte T.C., 63 So.3d 627, 630 (Ala. Civ. App. 2010) ), so the father's participation in the 2012 actions and the 2015 actions could not imbue the juvenile court with subject-matter jurisdiction.
" 'The standard of review on appeal from an order granting [or denying] relief under Rule 60(b)(4), Ala. R. Civ. P. ("the judgment is void"), is not whether the trial court has exceeded its discretion. When the decision to grant or to deny relief turns on the validity of the judgment, discretion has no field of operation. Cassioppi v. Damico, 536 So.2d 938, 940 (Ala. 1988). "If the judgment is void, it is to be set aside; if it is valid, it must stand.... A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process." Seventh Wonder v. Southbound Records, Inc., 364 So.2d 1173, 1174 (Ala. 1978) (emphasis added).' "
L.T. v. W.L., 159 So.3d 1289, 1291 (Ala. Civ. App. 2014) (quoting Ex parte Full Circle Distrib., L.L.C., 883 So.2d 638, 641 (Ala. 2003) ).
The juvenile court is a court of limited jurisdiction, having "exclusive original jurisdiction of juvenile court proceedings in which a child is alleged to have committed a delinquent act, to be dependent, or to be in need of supervision." Ala. Code 1975, § 12-15-114(a). The mother's 2012 dependency complaint contained allegations that, if proven, could have established that the children were dependent. Thus, her complaint invoked the jurisdiction of the juvenile court. See T.K. v. M.G., 82 So.3d 1, 4 (Ala. Civ. App. 2011) (explaining that a father's allegations that the mother was using illegal drugs and was not properly caring for the parties' children were sufficient allegations upon which to base the juvenile court's exercise of its dependency jurisdiction). However, the juvenile court never took evidence regarding the children's alleged dependency; instead, the parties entered into a settlement agreement respecting the custody of the children. The settlement agreement does not stipulate to the children's dependency, and, as a result, the settlement agreement merely resolves a custody dispute between parents, over which the juvenile court lacked jurisdiction. See § 12-15-114(a) ("A dependency action shall not include a custody dispute between parents."); S.J.S. v. H.M., 103 So.3d 823, 826 (Ala. Civ. App. 2012).
The mother contends that, pursuant to Rule 8(d), Ala. R. Civ. P., the father's failure to file an answer to the dependency complaint resulted in his admission of the facts giving rise to the children's dependency. Thus, she argues, the juvenile court had jurisdiction to enter its 2012 judgment incorporating the parties' settlement agreement because the children's dependency was admitted. The application of Rule 8(d) does obviate the need for proof of an admitted factual averment at trial or in a motion for a summary judgment. See Howard v. Jordan, 390 So.2d 1053, 1054 n.1 (Ala. 1980) ; but see Edwards v. National Speleological Soc'y, Inc., 502 So.2d 337, 339 (Ala. 1987) (indicating that because "[t]he filing of an answer is not a prerequisite to the consideration of a motion for summary judgment," Rule 8(d) cannot *1071 always be used to deem facts admitted when no answer has been filed). However, the juvenile court did not try the 2012 actions or enter a summary judgment in those actions. Instead, the parties agreed to resolve their differences, which, based on the language used in the settlement agreement, were based on a custody dispute between them.[1] We cannot agree that Rule 8(d) is applicable in this situation, where the facts were not required to be proven to the juvenile court before it entered its 2012 judgment incorporating the parties' settlement agreement.
Because the juvenile court lacked jurisdiction to enter the 2012 judgment, that judgment is void; the 2015 judgment purporting to modify the 2012 judgment is also void. See S.J.S., 103 So.3d at 826. The father's Rule 60(b)(4) motion was not untimely and is due to be granted. The judgment of the juvenile court is therefore reversed, and the causes are remanded for the entry of a judgment consistent with this opinion.
2170306-REVERSED AND REMANDED.
2170307-REVERSED AND REMANDED.
Pittman and Moore, JJ., concur.
Donaldson, J., concurs in the rationale in part and concurs in the judgment of reversal, but dissents from the remand instructions, with writing, which Thompson, P.J., joins.
DONALDSON, Judge, concurring in the rationale in part and concurring in the judgment of reversal, but dissenting from the remand instructions.
In August 2012, the DeKalb Juvenile Court ("the juvenile court") entered a judgment ("the August 2012 judgment") in response to a complaint filed in the juvenile court by J.C. ("the mother") against L.R.B. ("the father"). The complaint alleged, in part, that the children of the mother and the father were dependent. The August 2012 judgment was modified by a judgment entered in 2015 ("the 2015 judgment"). Neither the August 2012 judgment nor the 2015 judgment specifically addressed the allegation that the children were dependent.
In September 2017, the father filed a motion in the juvenile court pursuant to Rule 60(b)(4), Ala. R. Civ. P., seeking an order vacating the August 2012 judgment and, consequently, the 2015 judgment. In essence, the father argued that the juvenile court had not determined that the children were dependent and, therefore, that the juvenile court had lacked jurisdiction to enter the August 2012 judgment and the 2015 judgment. On December 19, 2017, the juvenile court entered the following order in response to the father's motion:
"This cause came before the Court on the Father's motion for relief from Judgment pursuant to Rule 60(b). The Court finds that the Order of 2012 was *1072 modified in 2015 and all parties were represented. The Court finds that there is no reason for the Father to have waited until now to request the Court to set aside its Order of August 22, 2012, and therefore, the motion for relief filed by [the father] is denied."
In their briefs to this court, the father and the mother agree that father's September 2017 Rule 60(b)(4) motion should not have been denied by the juvenile court on the basis that it was untimely filed. I agree with the parties and with that portion of the main opinion holding that the father's Rule 60(b)(4) motion should not have been denied for the reasons expressed in the December 19, 2017, order.
I do not agree, however, that the August 2012 judgment can only be construed and interpreted as finding that the children were not dependent. The terms of the August 2012 judgment are not legally inconsistent with a finding of dependency. Although, in accordance with Rule 25(A)(1), Ala. R. Juv. P., the juvenile court should have specifically stated in writing whether dependency had been proven, this court has held in other circumstances that a finding of dependency had been implicitly made, despite the absence of a specific finding of dependency in the judgment. See, e.g., M.W.H. v. R.W., 100 So.3d 603, 607-08 (Ala. Civ. App. 2012). In this case, the jurisdiction of the juvenile court had been properly invoked by the allegations of dependency, and, if the children were dependent, the juvenile court had jurisdiction to enter the August 2012 judgment. Determining the intent and meaning of the August 2012 judgment is a decision for the juvenile court to make initially, and it has not made that decision. " '[I]t is generally the duty of a trial court to first consider all issues raised by the parties, and only after the trial court has done so is review by an appellate court possible.' " R.J.G. v. Mobile Cty. Dep't of Human Res., 141 So.3d 505, 507 (Ala. Civ. App. 2013) (quoting Woodruff v. City of Tuscaloosa, 101 So.3d 749, 755 (Ala. 2012) ). Because the juvenile court denied the father's Rule 60(b)(4) motion without considering the merits of the motion, i.e., whether the juvenile court's August 2012 judgment implicitly found the children to be dependent, I would reverse the order denying the father's Rule 60(b)(4) motion and remand the cases for the juvenile court to further consider and rule upon the motion.
Thompson, P.J., concurs.

We are aware of the holding of M.W.H. v. R.W., 100 So.3d 603 (Ala. Civ. App. 2012), in which we determined that a mother's agreement to allow the maternal grandparents to assume a child's custody was an implicit admission on the part of the mother that the child was dependent. We noted in M.W.H. that our "conclusion [was] limited to cases such as this one, i.e., cases in which there is a pending dependency petition filed by a nonparent that alleges that the child in question does not have a parent able or willing to provide care or support for the child." M.W.H., 100 So.3d at 607-08 n.4. However, the parties in the present case are both parents, and one parent's relinquishment of a child's custody to the other parent does not impact the relinquishing parent's fundamental right to parent his or her child, as does the relinquishment of custody to a third party. See Ex parte Terry, 494 So.2d 628, 633 (Ala. 1986).